```
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF FLORIDA

                                        CASE NO. 09-20203-CIV-LENARD
                                        MAGISTRATE JUDGE P.A. WHITE

EDDIE LEE BANKS,                   :

          Plaintiff,               :

v.                                 :    PRELIMINARY REPORT
                                        OF MAGISTRATE JUDGE
SFRC MEDICAL DEPT. OFFICIALS,      :
et al.,

          Defendants.              :
_____
```

## I. Introduction

The plaintiff, Eddie Lee Banks, currently incarcerated at the Everglades Correctional Institution ("ECI"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 raising claims arising at ECI and at the South Florida Reception Center ("SFRC"). [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *

>       (e)(2) Notwithstanding any filing fee, or
>  any portion thereof, that may have been paid,
>  the court shall dismiss the case at any time
>  if the court determines that –
>
>              *   *   *
>
>  (B) the action or appeal –
>
>              *   *   *
>
>  (i)  is frivolous or malicious;
>
>  (ii) fails to state a claim on which
>  relief may be granted; or
>
>  (iii) seeks monetary relief from a
>  defendant who is immune from such
>  relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names as defendants Officials of the SFRC Medical Department; SFRC Nurse Vasseller; SFRC Chief Physician; Dr. Bamair, ECI Chief Physician; and John and Jane Does.

The plaintiff alleges that he arrived at SFRC on November 15, 2007 in great pain, and a nurse told him he had a hernia and gave him pain medication. The next day the plaintiff presented to Nurse Vasseller, and she determined that his problem was not serious enough to be referred to a doctor. On November 17, 2007, the plaintiff declared a medical emergency and was given pain medication. On November 19, 2007 the plaintiff went to sick call seeking treatment for pain, but Nurse Vasseller refused to see him. Officers intervened and asked Nurse Vasseller to see him, and she made him wait nine hours to be seen before being sent back to his dorm in pain without medical care. On November 20, 2007 Nurse Vasseller refused to put the plaintiff on the sick call list, so he declared a medical emergency. An officer pleaded with the medical department to provide care for the plaintiff but they refused. When Nurse Vasseller was forced to examine him, and because she was upset she purposely caused him pain by pushing his swollen testicles upward toward his stomach, breaking a needle in his arm and throwing his arm against his chest while taking his blood pressure. The plaintiff then saw a doctor who prescribed pain medication and a scrotal support and determined that the plaintiff needed surgery.

The plaintiff alleges that Nurse Vasseller and the SFRC Chief Physician had knowledge that he was in chronic pain and suffering but refused to provide proper medical care.

The plaintiff further alleges that at ECI in July, 2008 a CT scan revealed that the plaintiff need surgery to repair the hernia, but Dr. Balmair has repeatedly refused to arrange for the surgery. He claims that he is chronic pain and that he frequently urinates blood.  He seeks monetary damages and equitable relief.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

5

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.3d at 1255. For example, a defendant who delays

6

necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)).

Whether a delay in treatment was tolerable "depends on the nature of the medical need and the reason for the delay." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255; see also Adams, 61 F.3d at 1544 ("Some delay . . . may be tolerable depending on the nature of the medical need and the reason for the delay."). For instance, delays of days or even hours in delivering necessary treatment may constitute deliberate indifference in some circumstances. See, e.g., Harris, 21 F.3d at 394; Brown v. Hughes, 894 F.2d 1533, 1538 (11 Cir. 1990). Of course, in these prior cases, the medical condition is so grave, and requires such immediate medical attention, that "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." Harris, 21 F.3d at 394; see, e.g., Brown, 894 F.2d at 1538 (approximate six-hour delay in medical treatment for "a serious and painful broken foot is sufficient to state a constitutional claim"). "Delayed treatment for injuries that are of a lesser degree . . . may also give rise to constitutional claims." Harris, 21 F.3d at 394.

1. Serious Medical Need

For the purpose of this analysis, the Court will assume that the plaintiff has sufficiently alleged that he has serious medical needs.

2. Deliberate Indifference

### Defendants SFRC Medical Department; SFRC Chief Physician; and John and Jane Does

The plaintiff has failed to raise sufficient facts to state a claim that the unidentified SFRC chief physician was deliberately indifferent to his serious medical needs. The plaintiff states only that this person was aware of his pain, but he raises no specific factual allegations describing how this defendant may have violated his constitutional or statutory rights. The factual allegations concerning the events that transpired at the SFRC focus mainly on Nurse Vasseller. The plaintiff does not state that he ever presented to the chief physician nor does he provide any facts to show that this defendant acted with deliberate indifference. In addition, the plaintiff has raised no specific claims of wrongdoing against any other unidentified officials at the medical department or any other "Does." These defendants should be dismissed as parties to this civil action.

### Defendants Vasseller and Balmair

The plaintiff has sufficiently alleged facts to state a claim that Nurse Vasseller and Dr. Balmair may have acted deliberate indifference. The plaintiff alleges numerous factual allegations describing how Vasseller intentionally ignored his need for medical care and he has raised sufficient facts to show she acted with deliberate indifference. The plaintiff alleges that Dr. Balmair is actually aware of his ongoing pain and need for surgery but has failed to provide needed care. This is sufficient to raise an inference that Dr. Balmir has acted with deliberate indifference, which states a constitutional claim that should proceed beyond this initial screening.

It is therefore recommended that the claim of denial of medical care proceed against Nurse Vasseller and Dr. Balmair, as the plaintiff has met the <u>Twombly</u> or any "heightened pleading" standard. The plaintiff has specified that he intends to sue the defendants in their official and individual capacities. A §1983 suit against the defendants in their official capacity is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of officials acting outside the scope of their duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity. Moreover, a determination of whether the defendants might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### III. <u>Recommendation</u>

For the reasons specified in the foregoing, it is recommended that:

1. The Eighth Amendment claim against Nurse Vasseller and Dr. Balmair proceed against them in their individual capacity.

2. The remaining defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 17th day of February, 2009.

                                                                        UNITED STATES MAGISTRATE JUDGE

cc:   Eddie Lee Banks, <u>Pro Se</u>
      DC No. A210551
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000