# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 09-20203 CV JAL

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RECEIVED EVERGLADES C.I.
APR 14 2009  E.B
DATE  INITIAL

FILED by _____ D.C.
APR 16 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

EDDIE LEE BANKS,

Plaintiff,

VS.          CASE NO.: 09-CV-20203-JAL

NURSE VASSELLER, in her individual and official capacity, and DR. BALMAIR, Chief of Physicians of Everglades Correctional Institution, in his individual and official capacity,

Defendants
_____/

## REPLY BRIEF

PLAINTIFF'S, EDDIE LEE BANKS, REPLY TO DEFENDANT CARL BALMIR, M.D., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, Eddie Lee Banks, (hereinafter "Plaintiff"), in propria persona, and files his Reply to Defendant's Carl Balmir, M.D., Answer and Affirmative Defenses and reply as follows:

1. The Plaintiff states that the allegations are true that Defendant, Carl Balmir, M.D., has a history of wrong doing and violated the Plaintiff's civil rights as set forth in his Complaint.

2. The Defendant, was deliberately indifferent to Plaintiff's serious medical needs in failing to provide Plaintiff with the necessary and urgent medical care and treatment via surgery required for his hernia, which also led to Plaintiff's development of lumps in his groin that are very painful and blood in the urine on serveral occassions.

3. This claim is not barred by the applicable statute of limitations because the administrative appeal that was signed on 5-16-08, is the latest remedy sought to have concerning Plaintiff's serious medical condition and was denied on 6-27-08, and the latest being denied on 8-18-08. See Exhibit A of the original Complaint.

4. The Plaintiff's Complaint sufficiently alleges facts to state a claim against this Defendant (Dr. Balmir) via the initial screening, and therefore <u>Should</u> <u>not</u> be dismissed.

5. As Plaintiff has demonstrated by numerous administrative grievances attached to his original Complaint, Exhibit A, he has exhausted all his federal, state, and local administrative remedies against this Defendant. Therefore, this action <u>Should</u> <u>not</u> be dismissed.

6. If defendant's, any and all actions herein were made in good faith, although, not legitimate or lawful, with regards and reasons in relation to his employment as an official within the Everglades Correctional Institution, then defendant's, private employer and the Department of Corrections through the Everglades Correctional Institution has a policy or custom that is constitutional inadequate that can be proven through the discovery process and via an amended complaint.

3 of 8

7. This Defendant is not immune from liability or any damages under the 11th Amendment to the United States; Article 10, Section 13 of ~~the~~ Constitution of the State of Florida; Chapter 768, Florida Statutes; Doctrine of Sovereign Immunity; nor any other applicable Federal and State Constitutional, Statutory and common law principles, because the Plaintiff's rights were violated by defendant, the right was clearly established; and the defendant was and is personally responsible for the violation of those rights

8. This Court is with jurisdiction over the Plaintiff's Federal Claim clearly because he complied with the exhaustion requirement and as to any ~~State~~ claim pursuant to 28 U.S.C. § 1367, ~~therefore~~ notice requirement of Section 768.28, Florida Statues is not prerequisite to Federal jurisdiction.

9. Plaintiff's Claims are not barred by the Doctrine of Waiver, Res Judicata and/or Collateral

Estoppel because this is his first lawsuit-civil action regarding these claims presented herein.

10. Defendant's contention that Plaintiff **has** not been deprived of any constitutional rights, and/or any rights guaranteed under any federal and/or state law is without merit.

11. The defendant <u>has</u> <u>not</u> established by evidence or case law of authority that Plaintiff's claims are barred, either in whole or in part, by the Doctrines of Sovereign Immunity, Qualified Immunity and Official Immunity, and therefore, the Plaintiff's complaint should proceed in whole.

12. Defendant's "ignorance of the law is no excuse" he is not a lay person but a licensed professional or at least one should hope so.

13. Until the Complaint can be amended

to prove official capacity through discovery process defendant is personally liable and therefore Plaintiff has stated a federal claim in individual capacity of deliberate indifference.

14. Plaintiff states that he is receiving inadequate medical care and is in danger of ongoing substantial risk of serious harm of injury or damages at the hands of this defendant who is refusing to provide him with adequate medical care.

15. Plaintiff will demonstrate the damages he is entitled to recover which he seeks against this Defendant once the case proceeds.

16. As stated in the Complaint the Plaintiff also demands jury trial and all relief requested in the Complaint.

17. The Defendant has a history of unprofessional medical misconduct and is continuing a practice

of this misconduct in the ~~State~~ of Florida. See Exhibit A- attached hereto.

WHEREFORE, Plaintiff requests that his claims proceed and the relief requested by the defendant rejected. And the Court grant any further relief that it ~~deems~~ just and equitable.

Signed this 13th day of April, 2009.

Respectfully Submitted,
\S\ *Eddie Lee Banks*
Eddie Lee Banks

I Eddie Lee Banks, declare UNDER THE PENALTY OF PERJURY, that the foregoing is true and correct.

Executed on 4-13-09.    \S\ *Eddie Lee Bank*
Eddie Lee Banks
Pro Se.

## CERTIFICATE OF SERVICE

I Eddie Lee Banks, certify that a true and correct copy of the foregoing has been furnished and placed into hands of prison officials for purposes of mailing by U.S. Mail — postage pre-paid to: Cole Scott & Kissane, P.A.
Attorneys for Defendant,
Dr. Carl Balmir
Dadeland Centre II - 14th Floor
9150 South Dadeland Blvd.,
Miami, Florida 33156.

This 13th day of April, 2009.

/S/ *Eddie Lee Banks*
Eddie Lee Banks, Pro Se,
D.O.C. NO. A210551
Everglades Correctional Inst.
P.O. Box 949000
Miami, Florida 33194-9000

8 of 8

EXHIBIT A



Exhibit (A)

 

# STATE OF NEW YORK
# DEPARTMENT OF HEALTH

Corning Tower    The Governor Nelson A. Rockefeller Empire State Plaza    Albany, New York 12237

Barbara A. DeBuono, M.D., M.P.H.  
Commissioner

Karen Schimke  
Executive Deputy Commissioner

March 27, 1995

RECEIVED  
MAR 27 1995  
OFFICE OF MEDICAL PROFESSIONAL CONDUCT

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Carl Balmir, M.D.  
1984 Byron Avenue  
Elmont, New York 11003

Nathan L. Dembin, Esq.  
225 Broadway - Suite 1905  
New York, New York 10007

Terrence Sheehan, Esq.  
N.Y.S. Dept. of Health  
5 Penn Plaza - Sixth Floor  
New York, New York

Effective Date: 04/03/95

**RE: In the Matter of Carl Balmir, M.D.**

Dear Dr. Balmir, Mr. Sheehan and Mr. Dembin:

Enclosed please find the Determination and Order (No.94-281) of the Professional Medical Conduct Administrative Review Board in the above referenced matter. This Determination and Order shall be deemed effective upon receipt or seven (7) days after mailing by certified mail as per the provisions of §230, subdivision 10, paragraph (h) of the New York State Public Health Law.

Five days after receipt of this Order, you will be required to deliver to the Board of Professional Medical Conduct your license to practice medicine if said license has been revoked, annulled, suspended or surrendered, together with the registration certificate. Delivery shall be by either **certified mail or in person** to:

Office of Professional Medical Conduct  
New York State Department of Health  
Empire State Plaza  
Corning Tower, Room 438  
Albany, New York 12237

      If your license or registration certificate is lost, misplaced or its whereabouts is otherwise unknown, you shall submit an affidavit to that effect. If subsequently you locate the requested items, they must then be delivered to the Office of Professional Medical Conduct in the manner noted above.

      This exhausts all administrative remedies in this matter [PHL §230-c(5)].

                            Sincerely,

                              Tyrone T. Butler, Director
                              Bureau of Adjudication

TTB:

Enclosure

STATE OF NEW YORK : DEPARTMENT OF HEALTH
ADMINISTRATIVE REVIEW BOARD FOR
PROFESSIONAL MEDICAL CONDUCT

| | |
|---|---|
| IN THE MATTER<br><br>OF<br><br>CARL BALMIR, M.D. | ADMINISTRATIVE<br>REVIEW BOARD<br>DECISION AND<br>ORDER NUMBER<br>ARB NO. 94-231 |

The Administrative Review Board for Professional Medical Conduct (hereinafter the "Review Board"), consisting of **ROBERT M. BRIBER, SUMNER SHAPIRO, WINSTON S. PRICE, M.D., EDWARD C. SINNOTT, M.D. and WILLIAM A. STEWART, M.D.**[1] held deliberations on March 10, 1995 to review the Hearing Committee on Professional Medical Conduct's (Hearing Committee) January 4, 1995 Determination finding Dr. Carl Balmir (Respondent) guilty of professional misconduct. The Respondent requested the Review through a Notice which the Board received on January 26, 1995. James F. Horan served as Administrative Officer to the Review Board. Nathan L. Dembin filed a brief for the Respondent, which the Review Board received on March 3, 1995. The Petitioner filed a reply brief on March 8, 1995.

## SCOPE OF REVIEW

New York Public Health Law (PHL) §230(10)(i), §230-c(1) and §230-c(4)(b) provide that the Review Board shall review:

- whether or not a hearing committee determination and penalty are consistent with the hearing committee's findings of fact and conclusions of law; and

- whether or not the penalty is appropriate and within the scope of penalties permitted by PHL §230-a.

---

[1] Dr. Stewart participated in the deliberations by conference call.

Public Health Law §230-c(4)(b) permits the Review Board to remand a case to the Hearing Committee for further consideration.

Public Health Law §230-c(4)(c) provides that the Review Board's Determinations shall be based upon a majority concurrence of the Review Board.

## HEARING COMMITTEE DETERMINATION

The Petitioner charged the Respondent with practicing medicine with negligence on more than one occasion, ordering excessive tests and treatment not clinically indicated and failing to maintain adequate and accurate records of patients. The charges involved the care which the Respondent rendered to nine persons, Patients A through I. The Respondent provided that care at a medical practice called Doctor's Office, at which the Respondent worked from June, 1988 through November, 1988.

The Hearing Committee found that the Respondent was guilty of negligence on more than one occasion, failure to maintain adequate records and ordering excessive tests and treatment not clinically indicated in the case of all the Patients, A through I. The Committee found that the Respondent did not review any medical records for the Patients concerning previous treatment to the Patients at Doctor's Office. The Committee found that the Respondent's handwriting was illegible and that many of the notes that the Respondent recorded on patient charts could not be deciphered. The Committee found that the Respondent's assertions that he performed various examinations on the Patients were not credible. The Committee found that the Respondent would fill empty medication bottles, brought by patients whom he had never before seen. The Committee also found that the Respondent prescribed medications despite a lack of symptoms or findings, based only on patient statements that another physician has given the prescription.

-The Committee found the Respondent's method of taking and recording a history, and performing and noting a physical examination, fell below acceptable standards for record keeping. Moreover, they concluded that it evidenced treatment which fell below that level of care and diligence expected of a prudent physician in this state. The Committee found that the Respondent formulated

2

repeatedly diagnoses which were either not supported by the patients' medical records or conflicted with information in the medical records. The Committee found that the Respondent demonstrated an attitude that he believed once he completed his treatment of a patient on a particular day at the Doctor's Office he had no responsibility to follow-up by either providing on-going care himself or referring the patient to another physician. The Committee found that the Respondent only performed those tests for which he himself had equipment, regardless of whether those diagnostic tests were warranted. The Committee found that the Respondent would not perform or order any diagnostic procedures or tests which needed to be sent out to a lab or performed off premises despite the need for baseline or diagnostic purposes. The Committee noted that they were greatly disturbed by Respondent's practice of dispensing medication merely on the basis of either a patient's request or the presentation of previously used prescription containers because of the potential deleterious effects and dangers posed to patients. The Committee concluded that the Respondent showed a notable inability to correlate the need for medication with the patient's existing condition, as well as deficient skills for management of chronic conditions such as asthma, gastric ulcer and arthritis.

The Committee voted to revoke the Respondent's license to practice medicine in New York State.

### REQUESTS FOR REVIEW

The Respondent has asked the Review Board to overturn the Hearing Committee's penalty, which the Respondent characterizes as disproportionate and draconian. The Respondent argues that there are numerous prejudicial legal errors involved in the Hearing Committee's findings. The Respondent argues that even if the Committee's findings are legitimate, the sanction is uncalled for and arbitrary. The Respondent points out that all the cases involved occurred during a two month period seven years ago and that, otherwise, the Respondent's license and record have been unblemished.

The Respondent asserts that there were numerous mitigating factors present in this case. The Respondent contends that the misconduct involved in this case warrants a lesser sanction such as

3

probation and retraining. The Respondent contends that if a purely punitive penalty is warranted, that a period of actual suspension would suffice. The Respondent contends that the misconduct involved the prescription of extremely common medications, the performance of tests that were either appropriate or were not billed for and physical examinations and record keeping that are certainly not egregious.

The Respondent also notes that the Petitioner tried to suggest that the Respondent received financial benefit from prescriptions, although there were no such charges alleged. The Respondent characterized these assertions by the Petitioner as prejudicial.

The Petitioner urges the Board to sustain the Hearing Committee's penalty. The Petitioner characterizes the Hearing Committee's Report as a meticulous recital of instance after instance of fundamental medical ignorance, which leads to the conclusion that New York does not need doctors of the Respondent's caliber.

## REVIEW BOARD DETERMINATION

The Review Board has considered the entire record below and the briefs which counsel have submitted.

The Review Board votes to sustain the Hearing Committee's Determination finding the Respondent guilty of negligence on more than one occasion, ordering excessive tests and treatment not clinically indicated and failure to maintain adequate records. The Committee's Determination is consistent with their findings concerning the Respondent's substandard level of care and diligence, his performance of unwarranted tests, his unsupported diagnoses, his pattern of prescribing medication and his maintenance of illegible records.

The Review Board votes unanimously to sustain the Hearing Committee's Determination to revoke the Respondent's license to practice medicine in New York State. The Review Board finds that revocation is the appropriate penalty to protect the public health and that revocation is consistent with the Committee findings and conclusions concerning the serious nature of the Respondent's misconduct.

4

The Review Board was greatly concerned, as was the Hearing Committee, with the Respondent's pattern of dispensing medication. The Review Board was also greatly concerned over the Respondent's failure to perform adequate examinations and histories and with his performance of unnecessary tests. The Review Board is aware that all the patient care involved in this proceeding occurred during a short span of two months, seven years ago. The deficiencies in the Respondent's pattern of practice during that time period are alarming. The Review Board feels that the care involved in this proceeding provided the Hearing Committee and provided us with a clear enough picture of the Respondent's pattern of practice to be able to determine that the Respondent should not treat patients again in New York State.

The Review Board was aware that the Respondent recently took his examination for certification in Nuclear Medicine. The fact that the Respondent took that examination does not indicate that the Respondent has improved his practice skills or his medical knowledge. The Board was also aware that the Respondent works in peer review for MED Review. The Review Board considered limiting the Respondent's license to forbid direct patient care, so that the Respondent might be able to work in peer review or in another area of medicine that would not involve direct patient care. The Review Board determined, however, that since the Respondent has demonstrated substandard skills in diagnoses he is no more qualified to perform peer review than he is to provide direct care.

## ORDER

NOW, based upon this Determination, the Review Board issues the following **ORDER**:

1. The Review Board **SUSTAINS** the Hearing Committee on Professional Medical Conduct's January 4, 1995 Determination finding Dr. Carl Balmir guilty of professional misconduct.

2. The Review Board **SUSTAINS** the Hearing Committee's Determination to revoke the Respondent's license to practice medicine in New York State.

ROBERT M. BRIBER
SUMNER SHAPIRO
WINSTON S. PRICE, M.D.
EDWARD SINNOTT, M.D.
WILLIAM A. STEWART, M.D.