```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO.  09-20203-CIV-LENARD
                        MAGISTRATE P. A. WHITE
```

EDDIE LEE BANKS,                :

    Plaintiff,              :

v.                              :         REPORT OF
                                      MAGISTRATE JUDGE
NURSEL VASSELLER,               :           (DE#20 & 23)
et al.,

    Defendants.             :
_____

    The plaintiff Eddie Lee Banks, currently incarcerated at Everglades Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired when he was incarcerated at the Everglades Correctional Institution ("ECI") and South Florida Reception Center. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

    The plaintiff named as defendants Officials of the SFRC Medical Department; SFRC Nurse Vasseller; SFRC Chief Physician; Dr. Bamair, ECI Chief Physician; and John and Jane Does.

    The plaintiff alleged that he arrived at SFRC on November 15, 2007 in great pain, and a nurse told him he had a hernia and gave him pain medication. The next day the plaintiff presented to Nurse Vasseller, and she determined that his problem was not serious enough to be referred to a doctor. On November 17, 2007, the plaintiff declared a medical emergency and was given pain medication. On November 19, 2007 the plaintiff went to sick call seeking treatment for pain, but Nurse Vasseller refused to see him. Officers intervened and asked Nurse Vasseller to see him, and she made him wait nine hours to be seen before being sent back to his

dorm in pain without medical care. On November 20, 2007 Nurse Vasseller refused to put the plaintiff on the sick call list, so he declared a medical emergency. An officer pleaded with the medical department to provide care for the plaintiff but they refused. When Nurse Vasseller was forced to examine him, and because she was upset she purposely caused him pain by pushing his swollen testicles upward toward his stomach, breaking a needle in his arm and throwing his arm against his chest while taking his blood pressure. The plaintiff then saw a doctor who prescribed pain medication and a scrotal support and determined that the plaintiff needed surgery.

The plaintiff alleges that Nurse Vasseller and the SFRC Chief Physician had knowledge that he was in chronic pain and suffering but refused to provide proper medical care.

The plaintiff further alleges that at ECI in July, 2008 a CT scan revealed that the plaintiff need surgery to repair the hernia, but Dr. Balmair has repeatedly refused to arrange for the surgery. He claims that he is chronic pain and that he frequently urinates blood. He seeks monetary damages and equitable relief.

Dr. Balmair has filed an Answer in this case. A summonses was returned executed for Nurse Vasseller on March 2, 2009 (DE#10) She has not filed an Answer, or responsive pleading as required by Fed.R.Civ.P. 12(a) within 20 days of service of the summons and complaint.

The plaintiff was ordered to file a motion for Clerk's entry of a default against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(a). Such default must be requested by the plaintiff, there appearing no authority under the rule or precedent for sua sponte

entry of default under such circumstances.

The plaintiff filed a motion for default and the Clerk entered a default as to Defendant Vasseller on March 31, 2009 (DE#19).

The plaintiff then filed a motion for entry of final default on April 10, 2009 (DE#20), which has been referred to the Undersigned Magistrate Judge.

A final entry of default judgment, and possible damages, may only be entered by the United States District Judge.

The entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the complaint.[1]

It is therefore recommended as follows:

1. The only issue left to resolve in this case is the issue of whether the plaintiff should now be granted a Default Judgement, and receive monetary damages. This issue is deferred to the District Judge.

2. It is recommended that the plaintiff's Motion for Entry of Default Judgment be granted against Defendant Vasseller pursuant to Fla.R.Civ.P. 55(b)(2), <u>only after</u> the plaintiff submits proof of

---

[1]Under Florida law, which is applicable to this issue in this federal lawsuit, a defendant still has the right to contest the unliquidated damages caused by his wrong, but no other issue, after a default is entered against him or her. <u>Harless v. Kuhn</u>, 403 So.2d 423, 425 (Fla. 1981), <u>citing</u> <u>Watson v. Seat & Crawford</u>, 8 Fla. 446 (1859); <u>Pony Express Courier Corp. of Florida v. Zimmer</u>, 475 So.2d 1316 (Fla. 2 DCA 1985). The damages the plaintiff seeks in this lawsuit are unliquidated. <u>Bowman v. Kingsland Development, Inc.</u>, 432 So.2d 660 (Fla. 5th DCA 1983)(damages are unliquidated if they cannot be ascertained without presentation of facts upon which a value judgment may be made).

damages. He may support his motion with a sworn affidavit based on his personal knowledge of the injuries sustained as a result of the inadequate medical treatment that he received at the hands of the defendant. He should submit proof of his damages by supporting his motion with copies of any and all medical records, photographs, etc. that were within his custody and/or control that pertain to the subject incident. If the plaintiff is unable to properly support his Motion for Entry of Default Judgment against Nurse Vasseller pursuant to Fla.R.Civ.P. 55(b)(2) the motion may be dismissed.

3. The plaintiff's motion for ane extension of time to file an amended complaint should be granted only to the extent that the plaintiff filed a proposed amended complaint on or before May 28, 2009. This complaint must relate back to the original complaint as filed. (DE#23)

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 23rd day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eddie Lee Banks, Pro Se
      DC #A210551
      Everglades CI
      Address of Record

      Nurse Vasseller
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000