UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20203 CIV JAL

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDDIE LEE BANKS,

    Plaintiff,

VS.    CASE NO.: 09-CV-20203-JAL

SOUTH FLORIDA RECEPTION CENTER-MEDICAL
DEPARTMENT OFFICIALS, et al.,

    Defendant(s).
_____/

## OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

COMES NOW, the Plaintiff, Eddie Lee Banks, in propria persona, and hereby files his objections to the Magistrate's Report and Recommendation. And for the reasons which submits that he can state a claim upon which relief can be granted upon the defendants in their official capacities and the unidentified SFRC Chief Physician.

1 OF 12

1. According to Title 42 U.S.C. § 1983 provides a cause of action for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Nelson v. Prison Health Services, Inc., 991 F. Supp. 1452 (M.D. Fla. 1997).

2. Delays of days or even hours in delivering necessary treatment may constitute deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990). The Chief Physician at S.F.R.C, now known as F. Ballesteros, M.D., Chief Health Officer (C.H.O) was plainly subjectively aware of Banks's objectively serious medical condition because of the diagnosis be established that the Plaintiff

2 of 12

had a right inguinal hernia which is a chronic and serious medical condition. (See the original complaint at pg. 13 Paragraph 12). As the Plaintiff (Banks) was in severe pain it was medically necessary that he needed immediate surgery because it was obivious that even lay persons recognized this serious medical condition. And as such this Defendant F. Ballesteros, M.D., Chief Physician, at S.F.R.C. acted with deliberately indifference. Defendant failed to provide the necessary medical treatment. Therefore, the Eighth Amendment claim against this defendant should proceed against him in his individual and official capacity. The official capacity because upon proper discovery and amended complaint this Defendant's employer M.H.M Solutions Inc., Service Provider for Regional IV. Florida Department of Corrections has a policy or custom of the corporation led to the violation. This eighth amendment attach to the person with whom the State contracts. See Howell v. Evans, 922 F.2d 712 at 724 (11th Cir.), vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991); Ort v. Pitchback, 786 F.2d 1105, 1107 (11th Cir. 1986).

---

[1] Given this fact as alleged in the original complaint the Plaintiff presented to the chief physician.

Thus, M.H.M Solutions Inc., will be named and added to the Amended Complaint. Nelson v. Prison Health Services, Inc., 991 F. Supp 1452 (M.D. Fla. 1997).

3. Inferences can be drawn that Chief Physician at S.F.R.C. acted with deliberately indifference as he failed to provide the necessary treatment of having Plaintiff's right inguinal hernia surgical removed. The only thing this defendant prescribed was pain pills and a scrotal support which did not adequate treat Plaintiff's medical condition leaving him in severe pain and suffering.

4. The Court is to draw all "reasonable inferences" in favor of the Plaintiff. See Fernandez v. Chernoff, 471 F.3d 45, 51 (2d Cir 2006); see also Leibowitz v. Cornell Univ., 445 F.3d 586, 591-592 (2d Cir. 2006). The Supreme Court has held that, under the notice system of pleading established

by the Federal Rule of Civil Procedure, Rule 8(a)(2), the pleading requirement is satisfied by "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests'."

5. Contrary to the Report a "heightened pleading standard <u>do not</u> apply to a prisoner's lawsuit that are <u>pro se</u> complaints which are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.

<u>Davis v. Monroe County Bd. of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007) (retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible their complaints must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11th Cir. 2007). While a complaint attack for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligations to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct at 1964-65. The rules of pleading do "not require heightened fact pleading of specifies." The Court's inquiry at this stage focuses on whether

the challenged pleadings "give the defendants fair notice of what the --- claim is and the grounds upon which it rests". Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)(quoting Twombly, 127 S. Ct 1964). In addition when ruling on a defendant's motion to dismiss a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra at ---, 127 S. Ct. 1955 (Slip op., at 8-9) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct 1827, 104 L. Ed. 2d 338 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Erickson, Supra. Therefore, in considering such a motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims."

6. As such is the case at bar, (Banks v. South Florida Reception Center-Medical Dept. officials et al.,)

Defendants SFBC Medical Department; SFBC Chief Physician; and John and Jane Does, should not be dismiss at this stage; because, upon proper discovery through Fed. R. Civ. P. Rule 56 (f)(2)(3) Plaintiff can amend his complaint in good faith once the discovery process is complete to establish a genuine issue of fact to prove his claims. <u>Edward Leasing Corp. v. Uolig & Assoc.</u>, 787 F. 2d 877, 881-882 (11th Cir. 1986); <u>Mendez v. Perishable Distribs., Inc.</u>, 763 F. 2d 1374, 1379 (11th Cir. 1985).

Once the motion to conduct discovery is granted which the Plaintiff at this time will request herein, pursuant, to Rule 56 (f)(2)(3). Plaintiff can learn facts and gather evidence and present these discoveries to the Court to support his claims that the above mentioned defendants acted with deliberate indifference, failure to train, and/or had a policy or custom that led to the violation.

7. Plaintiff was very limited without the benefit of specific facts when he filed his original complaint nor does he at the present time has had the benefit of gathering specific and detail facts on the supervisory defendants as the pleading is in its early stages. Plaintiff has been diliengtly trying to gather information on his own and has not been too sucessful this why he is relying heavily upon the discovery process; where he will be able to obtain such evidence and information. Therefore, Plaintiff asks the Court in the interest of fair justice and in the standard articulated in <u>Conley</u> supra, to allow his case to proceed on "All" grounds and "All" Defendants and claims until such <u>Discovery</u> can be made and the complaint amended accordingly. Because Plaintiff will be able to show that the employer (through the supervisors) "tolerated" the actions of their subordinates and failed to adequately train and supervise them and that the final policymaker had subjective knowledge of the illegal conduct but

failed to stop the unconstitutional practice. Greech v. Clayton County, 335 F.3d 1326, 1330 (11th Cir. 2003). Also the Complaint will be amended after discovery is made to support the allegations that the supervisors acted in conformance with a custom or policy. And upon belief that discovery will reveal that defendants were negligent in hiring, supervising and training, the pleading will be amended with supporting documentation. Potter v. Baker County Hosp. Dist., 195 Fed. Appx. 205. E.F. Freeman v. Cont'l Gin Co., 381 F.2d 459, 469 (5th Cir 1967) (holding that Plaintiff will rely on his findings during the course of discovery to refine the amended complaint).

WHEREFORE, based upon the foregoing facts, arguments, and citation of authorities, the Plaintiff, Eddie Lee Banks, respectfully objects to the Magistrate Judge Report Recommending that the official capacities of Nurse Vasseller and

Dr. Balmeir would be immune from monetary damages based upon the Eleventh Amendment because Plaintiff can State a "Monell Claim" where the violation of Plaintiff's rights was the product of a policy or custom of the defendants company employer. <u>Monell v. Dept. of Social Services of the City of New York</u>, 436 U.S. 659 (1978). And allow the complaint to proceed against "All defendants until discovery is complete and order or grant Plaintiff to Conduct Discovery and hold in abeyance the amended complaint until the discovery process is complete where at the end of Discovery the Amended Complaint will be filed with supporting documentation.

Respectfully submitted,
/s/ Eddie Lee Banks

Eddie Lee Banks, Pro Se
D.O.C. NO. A210551
Everglades Correctional Inst.
P.O. Box 949000
Miami, Florida 33194-9000

16 of 12

## DECLARATION

I DECLARE UNDER THE PENALTY OF PERJURY, that the foregoing is true and correct.

Executed on 4-21-09.   /S/ Eddie Lee Banks

Eddie Lee Banks

## CERTIFICATE OF SERVICE

I, Eddie Lee Banks, hereby certify that a true and correct copy of the foregoing has been furnished to the following:

Nurse Michelle Vasseller, South Florida Reception Center, 14000 NW 41st Street, Doral, Florida 33178, Cole Scott & Kissane P.A., Tulio Iocono, Attorney for Defendant (Carl Balmir M.D.), Dadeland Centre II, 9150 South Dadeland Boulevard, Suite 1400, Miami, Florida 33156. And was placed into the hands of prison officials for purposes of mailing by U.S. Mail-postage prepaid on this 21st day of April 2009.

/S/ Eddie Lee Banks

Eddie Lee Banks Pro Se,
D.O.C. NO. A210551
Everglades Correctional Inst.
P.O. Box 949000
Miami, Florida 33194-9000

12 OF 12