```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO.   09-20203-CIV-LENARD
                                   MAGISTRATE JUDGE P. A. WHITE

EDDIE LEE BANKS,              :

      Plaintiff,              :

v.                            :    REPORT OF
                                   MAGISTRATE JUDGE
NURSEL VASSELLER,             :
et al.,

      Defendants.             :
_____
```

The plaintiff Eddie Lee Banks, currently incarcerated at Everglades Correctional Institution ("ECI"), filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired when he was incarcerated at the ECI and South Florida Reception Center. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

The plaintiff named as defendants officials of the SFRC Medical Department; SFRC Nurse Vasseller; SFRC Chief Physician; Dr. Bamair, ECI Chief Physician; and John and Jane Does.

The plaintiff alleged that he arrived at SFRC on November 15, 2007 in great pain, and a nurse told him he had a hernia and gave him pain medication. The next day the plaintiff presented to Nurse Vasseller, and she determined that his problem was not serious enough to be referred to a doctor. On November 17, 2007, the plaintiff declared a medical emergency and was given pain medication. On November 19, 2007 the plaintiff went to sick call seeking treatment for pain, but Nurse Vasseller refused to see him. Officers intervened and asked Nurse Vasseller to see him, and she made him wait nine hours to be seen before being sent back to his

dorm in pain without medical care. On November 20, 2007 Nurse Vasseller refused to put the plaintiff on the sick call list, so he declared a medical emergency. An officer pleaded with the medical department to provide care for the plaintiff but they refused. When Nurse Vasseller was forced to examine him, and because she was upset she purposely caused him pain by pushing his swollen testicles upward toward his stomach, breaking a needle in his arm and throwing his arm against his chest while taking his blood pressure. The plaintiff then saw a doctor who prescribed pain medication and a scrotal support and determined that the plaintiff needed surgery.

The plaintiff alleges that Nurse Vasseller and the SFRC Chief Physician had knowledge that he was in chronic pain and suffering but refused to provide proper medical care.

The plaintiff further alleges that at ECI in July, 2008 a CT scan revealed that the plaintiff need surgery to repair the hernia, but Dr. Balmair has repeatedly refused to arrange for the surgery. He claims that he is chronic pain and that he frequently urinates blood. He seeks monetary damages and equitable relief.

Dr. Balmair has filed an Answer in this case. A summons was returned executed for Nurse Vasseller on March 2, 2009. [DE# 10]. She did not filed an Answer or responsive pleading as required by Fed.R.Civ.P. 12(a) within 20 days of service of the summons and complaint.

The plaintiff was ordered to file a motion for Clerk's entry of a default against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(a). The plaintiff filed a motion for default and the Clerk entered a default as to Defendant Vasseller on March 31, 2009. [DE#

19].

The plaintiff then filed a motion for entry of final default [DE# 20] on April 10, 2009, which was referred to the Undersigned Magistrate Judge.  The Undersigned issued a Report noting that a final entry of default judgment, and possible damages, may only be entered by the United States District Judge.  The Report also advised the plaintiff that the entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the complaint.[1]

The Undersigned deferred the matter to the Honorable Joan A. Lenard, and instructed the plaintiff to submit proof of damages by supporting his motion with a sworn affidavit based on his personal knowledge of the injuries sustained as a result of the inadequate medical treatment that he received at the hands of the defendant, and by submitting proof of his damages by supporting his motion with copies of any and all medical records, photographs, etc. that were within his custody and/or control that pertain to the subject incident.  The plaintiff was warned that if he failed to properly support his Motion for Entry of Default Judgment against Nurse Vasseller pursuant to Fla.R.Civ.P. 55(b)(2) the motion may be dismissed.

The plaintiff has now filed a Sworn Affidavit in Support of

---

[1] Under Florida law, which is applicable to this issue in this federal lawsuit, a defendant still has the right to contest the unliquidated damages caused by his wrong, but no other issue, after a default is entered against him or her. Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981), citing Watson v. Seat & Crawford, 8 Fla. 446 (1859); Pony Express Courier Corp. of Florida v. Zimmer, 475 So.2d 1316 (Fla. 2 DCA 1985). The damages the plaintiff seeks in this lawsuit are unliquidated. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983)(damages are unliquidated if they cannot be ascertained without presentation of facts upon which a value judgment may be made).

Request for Summary Judgment. [DE# 29]. The plaintiff has submitted affidavits attesting to the denial of medical care, and he has submitted proof of expenses incurred for photocopying and postage. He has not, however, submitted any proof of damages with regard to compensation for his injuries

When, as here, the plaintiff's claim is not for a sum certain, Rule 55 authorizes the court to conduct a hearing to determine the amount of damages. Fed.R.Civ.P. 55(b)(2). Such a hearing is discretionary, not mandatory. Alternatively, the court may rely upon detailed affidavits, documentary evidence, and its personal knowledge of the record to award damages. See James v. Frame, 6 F.3d 307 (5 Cir. 1993). Therefore, although liability may be established without proof based upon the well-pleaded allegations of the complaint, the plaintiff has the burden of proving the amount of damages to be awarded.

Because the plaintiff has submitted none of the proof he was directed to submit, and because this case remains pending against another defendant, the Undersigned finds that the Court should decline, at this time, to conduct a hearing. To proceed with a motion for default judgment, the plaintiff must adduce competent summary judgment evidence to support an award for compensatory and/or punitive damages[2]. The plaintiff must present medical evidence (e.g. from an examining physician) that links the alleged permanent injuries to the denial of adequate medical care by the

---

[2] With regard to plaintiff's claim for punitive damages, the Undersigned observes that such an award may issue under §1983 "only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." See Sockwell v. Phelps, 20 F.3d 187, 192 (5 Cir. 1994). Even if the evidence justifies an award of punitive damages, it remains within the trier of fact's discretion to make such an award.

defendant in default.  If the plaintiff fails to submit such evidence, the court may be constrained to award only nominal damages.

Based on the foregoing, it is recommended that the Motion for Final Support Judgment [DE# 20] as supplemented [DE# 29] be denied without prejudice.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 26th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eddie Lee Banks, Pro Se
      DC #A210551
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000

      Nurse Vasseller
      South Florida Reception Center
      14000 N.W. 41st Street
      Doral, FL 33178-3003

      Counsel of Record