# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 09-CV-20203-JAL

The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DIVISION

EDDIE LEE BANKS,

    Plaintiff,

VS.    CASE NO.: 09-CV-20203-JAL

NURSE VASSELLER, in her individual and Official Capacity, and DR. BALMAIR, Chief of Physicians of Everglades Correctional Institution, in his individual and official capacity,

    Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff submit this memorandum of law in support of his motion for a preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that:

(1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. <u>Ty, Inc. v. JonesGroup, Inc.</u>, 237 F. 3d 891, 895 (7th Cir. 2001); <u>Platinum Home Mortage Corp. v. Platinum Fin. Group, Inc.</u>, 149 F. 3d 722, 726 (7th Cir. 1998).

I. THERE IS A REASONABLE LIKELIHOOD THAT PLAINTFF WILL SUCCEED ON THE MERITS IN THIS CASE.

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff need only demonstrates a "better than negligible chance of succeeding." <u>Cooper v. Salazar</u>, 196 F. 3d 809, 813 (7th Cir. 1999).

Here, plaintiff is very likely to prevail on the merits. The Eighth Amendment requires prison officials to protect the health and safety of inmates. They may not act with deliberate indifference to the deprivation of a medical right to care or a basic human need. Estelle v. Gamble, 429 U.S. 97, 103 (1976) and Farmer v. Brennan, 511 U.S. 825 (1994). This is a well established law.

Here, as plaintiff verified complaint shows, plaintiff has been denied adequate medical care and is suffering ongoing substantial risk of serious harm to his health at the Everglades Correctional Institution. And the failure of Defendant Carl Balmir, M.D., to order adequate medical care of surgical removal of Plaintiff's right inguinal hernia.

Defendant(s) know that their policy of inadequate medical care poses a substantial risk of

-3-

serious harm to Plaintiff. Nevertheless, defendant(s) have failed to respond reasonably. They have refused to provide for needed surgery or any other adequate remedy. Their refusal amounts to deliberate indifference, in violation of Plaintiff's rights under the Eighth Amendment. Plaintiff is therefore likely to succeed on the merits in this case.

II. PLAINTIFF FACE A SUBSTANTIAL THREAT OF IRREPARABLE HARM.

Irreparable harm will result unless an injunction is granted in this case. As a result of being denied surgery, Plaintiff has suffered and continue to suffer physical and mental injuries. Plaintiff Banks has suffered ongoing pain and mental anguish as well as depression. He has received some medical treatment for his injuries but he still experienced renewed pain, swelling with lumps and on occassion

-4-

blood in his urine. He also experienced renewed pain in his arm where Defendant, Nurse Vasseller broked the needle in his arm. Banks filed several grievances and medical requests but has not yet received any treatment. In <u>Delaney v. DeTella</u>, the Seventh Circuit held that similar injuries were sufficiently serious to support a claim under the Eighth Amendment. 256 F.3d at 685.

Plaintiff has reported his injuries to defendant(s) in administrative grievances and appeals, putting defendants on notice of the harm caused by their inadequate medical care. Nevertheless, defendants have refused to change their policy or provide Plaintiff with the medical needed surgery. As a result of defendants' deliberate indifference, Plaintiff continue to face a substantial risk of serious harm as long as his surgery is prolonged. His injuries may last for many more months, even years.

-5-

Any remedy at law for Plaintiff injuries would be inadequate. The Seventh Circuit has explained that in the context of a motion for preliminary injunction, the term "inadequate" does not mean "wholly ineffectual," but rather "seriously deficient as a remedy for the harm suffered." Roland Mach, Co. v. Dresser Indus., Inc., 749 F. 2d 380, 386 (7th Cir. 1984).

The 11th Cir. held that a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F. 3d 1176, 1187 (11th Cir. 1994). Courts usually agree that the medical need must be "one that, if left unattended, 'pos(es) a substantial risk of serious harm.'" Taylor v. Adams, 221 F. 3d 1254, 1258 (11th Cir. 2000). As these two points of law were verified in the complaint.

-6-

Therefore, preliminary injunctive relief is appropriate to correct this ongoing constitutional violation.

## III. THE THREATENED HARM TO PLAINTIFF OUTWEIGHS ANY HARM THAT THE INJUNCTION MAY CAUSE DEFENDANTS.

The threat of harm to the plaintiff outweighs any harm that might result to defendants by a preliminary injunction. As this memorandum has explained Plaintiff at the hands of the defendant Dr. Carl Balmir, Chief of physicians at the Everglades Correctional Institution is exposed to an ongoing substantial risk of serious harm from the denial of surgery. The relief that Plaintiff seeks is essentially an order compelling defendant(s) to perform their preexisting duties under the United States Constitution. See **Farmer**, 511 U.S. at 832-33. The proposed relief is narrowly tailored to

remedy the ongoing violation of plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. See 18 U.S.C. § 3626(a). It will not cause defendants any real "harm."

IV. THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION.

Finally, plaintiff seek a preliminary injunction to protect his rights under the Eight Amendment. As a general matter, the "Public interest ---- is always well served by protecting the constitutional rights of all its members." Reinert v. Haas, 585 F. Supp. 477, 481 (S.D. Iowa 1984). See also Spartacus Youth League v. Board of Trustees, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (Finding that "the ultimate public interest lies in the protection of the Constitutional rights which plaintiff assert"). The public interest is not served by

defendant(s)' current practice of subjecting inmates to "inadequate medical care" and an "ongoing substantial risk of harm."

## CONCLUSION

For ~~these~~ reasons, plaintiff ask this Court to Order defendant, Cacl Balmir, M.D., his successors, agents, employees, and all persons acting in concert with him to provide plaintiff with said surgery and be evaluated by a private outside medical practitioner with expertise in the field and treatment of an inguinal hernia and carry out immediately the treatment directed by such medical practitioner.

Respectfully submitted, this 10th day of June, 2009.

/s/ Eddie Lee Banks

Eddie Lee Banks, pro se,
D.O.C. NO. A210551

-9-

## DECLARATION

UNDER THE PENALTY OF PERJURY. I Eddie Lee Banks, hereby declares that I have read the foregoing motion and memorandum of law for preliminary injunction and the facts as stated therein are true and correct. Section 92.525(2) F.S. 2008.

Dated: 06-10-09.                    /s/ Eddie Lee Banks

## CERTIFICATE OF SERVICE

I Eddie Lee Banks, hereby certify that a true and correct copy of the foregoing motion and memorandum of law for preliminary injunction has been furnished to the following:

Nurse Michelle Vasseller, 14000 NW 41st Street, Doral, Florida 33178-3003, and Tulio Iocono, Attorney for Defendant (Carl Balmir M.D.), Cole Scott & Kissane, P.A., Dadeland Centre II, 9150 South Dadeland Blvd., Suite 1400, Miami, Florida 33156. And was placed into the hands of prison-officials for purposes of mailing via U.S. Mail---postage prepaid on this 10th day of June 2009.

/s/ Eddie Lee Banks

Eddie Lee Banks, pro se,
D.O.C No. A210551
Everglades Correctional Ins
P.O. Box 949000
Miami, Florida 33194-9000

-10-