```
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF FLORIDA

                                  CASE NO.  09-20203-CIV-LENARD
                                  MAGISTRATE JUDGE P. A. WHITE

EDDIE LEE BANKS,               :

        Plaintiff,             :

v.                             :        REPORT OF
                                        MAGISTRATE JUDGE
NURSEL VASSELLER,              :
et al.,

        Defendants.            :
_____
```

This Cause is before the Court upon the plaintiff Eddie Lee Banks' Motion for Preliminary Injunction. [DE# 42].

The plaintiff, currently incarcerated at the Everglades Correctional Institution ("ECI"), filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired when he was incarcerated at the ECI and South Florida Reception Center. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

This case is proceeding against Nurse Vasseller and Dr. Balmair on claims of denial of the plaintiff's Eighth Amendment rights.

The plaintiff alleged that he arrived at SFRC on November 15, 2007 in great pain, and a nurse told him he had a hernia and gave him pain medication. The next day the plaintiff presented to Nurse Vasseller, and she determined that his problem was not serious enough to be referred to a doctor. On November 17, 2007, the plaintiff declared a medical emergency and was given pain medication. On November 19, 2007 the plaintiff went to sick call

seeking treatment for pain, but Nurse Vasseller refused to see him. Officers intervened and asked Nurse Vasseller to see him, and she made him wait nine hours to be seen before being sent back to his dorm in pain without medical care.  On November 20, 2007 Nurse Vasseller refused to put the plaintiff on the sick call list, so he declared a medical emergency.  An officer pleaded with the medical department to provide care for the plaintiff but they refused. When Nurse Vasseller was forced to examine him, and because she was upset she purposely caused him pain by pushing his swollen testicles upward toward his stomach, breaking a needle in his arm and throwing his arm against his chest while taking his blood pressure. The plaintiff then saw a doctor who prescribed pain medication and a scrotal support and determined that the plaintiff needed surgery.

The plaintiff alleges that Nurse Vasseller and the SFRC Chief Physician had knowledge that he was in chronic pain and suffering but refused to provide proper medical care.

The plaintiff further alleges that at ECI in July, 2008 a CT scan revealed that the plaintiff need surgery to repair the hernia, but Dr. Balmair has repeatedly refused to arrange for the surgery. He claims that he is chronic pain and that he frequently urinates blood.  He seeks monetary damages and equitable relief.

The plaintiff now seeks an order directing the defendants to immediately arrange for surgery.

The type of relief the plaintiff seeks is an extraordinary remedy.  See California v. American Stores Company, et al., 492 U.S. 1301 (1989). The standard for issuing a preliminary injunction, which is the same as is required for a temporary

restraining order, is to be based upon consideration of four factors. The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1128 (11 Cir. 2005) (citations omitted), cert. denied, 126 S.Ct. 2862 (2006). A preliminary injunction should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11 Cir. 1998).

After reviewing the motion, the Undersigned finds that the plaintiff does not state a prima facie case for preliminary injunctive relief. The plaintiff has not adequately shown any indication of immediate, irreparable harm. As detailed above, the plaintiff has been suffering with his listed ailments for quite some time but unfortunately the motion falls short of raising facts that tend to show he is entitled to immediate relief. The plaintiff states that he has received some medical care, and he does not raise facts to meet his burden of persuasion that would support the court's use of an extraordinary remedy which would necessarily interfere with the administration of medical care for state inmates. The plaintiff's allegations do not indicate that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted; that there is any threatened injury to the plaintiff such that any such injury outweighs the potential harm the injunction may do to the defendants; nor that the public interest will not be impaired if

the injunction is granted.

Assuming that the allegations raised in the plaintiff's motion are true, the plaintiff has not proffered sufficient facts to state a prima facie case for preliminary injunctive relief.

Based on the foregoing, it is recommended that the Motion for Preliminary Injunction [DE# 42] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 22nd day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Eddie Lee Banks, Pro Se
     DC #A210551
     Everglades Correctional Institution
     P. O. Box 949000
     Miami, FL 33194-9000

     Counsel of Record