UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20203-CIV-LENARD/WHITE

**EDDIE LEE BANKS,**

    Plaintiff,

vs.

**NURSE VASSELLER, et al.,**

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on three different reports issued by Magistrate Judge Patrick A. White. On February 18, 2009, the Magistrate Judge issued a Preliminary Report and Recommendation ("Preliminary Report," D.E. 7), pursuant to the initial screening procedure set forth in 28 U.S.C. § 1915. The Preliminary Report recommends (1) that the Plaintiff Eddie Lee Banks's ("Banks") Eighth Amendment claims against Defendants Nurse Vasseller ("Vasseller") and Dr. Balmair ("Balmair") proceed against them in their individual capacities and (2) the remaining defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Preliminary Report at 9.) On April 23, 2009, Banks filed his objections to the Preliminary Report ("Preliminary Report Objections," D.E. 25). Banks contends that he should be allowed to file an amended complaint after proper discovery has taken place so that he can bolster his claims against the remaining defendants. (Preliminary Report Objections at 8-11.) Banks

also alleges that Defendant Ballesteros, Chief Physician at the South Florida Reception Center ("SFRC"), should not be dismissed because Banks offers evidence that by proscribing pain pills and a scrotal support, Ballesteros acted with deliberate indifference to his serious medical needs. (Id. at 5.)

On April 10, 2009, the Magistrate Judge issued another Report ("April Report, D.E. 24). The April Report discussed two motions filed by Banks: (1) his April 10, 2009, Motion for Final Default Judgment against Defendant Vasseller ("Motion for Final Default," D.E. 20); and (2) Banks's April 17, 2009, Motion for Extension of Time to File Amended Complaint (D.E. 23). In the Motion for Final Default, Banks seeks an award of monetary damages and entry of default judgment against Defendant Vasseller as she failed to defend or appear in this action. As to the Motion for Extension of Time to File Amended Complaint, Banks seeks additional time to amend his complaint, due to difficulty in obtaining medical records. The April Report recommends that: (1) the Motion for Final Default be granted only after Banks submits proof of damages; and (2) Banks's Motion for Extension of Time to File Amended Complaint should be granted "only to the extent that the plaintiff filed a proposed amended complaint on or before May 28, 2009. This complaint must relate back to the original complaint as filed."[1] (April Report at 4.) None of the Parties filed objections to the

---

[1] Subsequently, on June 2, 2009, Banks requested an extension of time to file his proposed amended complaint. (See D.E. 37.) The Magistrate Judge granted this request on June 5, 2009, and gave Banks until July 23, 2009, to file his proposed amended complaint. (See D.E. 40.) On July 27, 2009, Banks again requested an extension of time to file his proposed amended complaint. (See D.E. 49.) The Magistrate Judge granted this request on July 31, 2009, and gave Banks until August 21, 2009, to file the proposed amended complaint, in light of Defendant's

April Report. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Finally, on May 26, 2009, the Magistrate Judge issued another Report ("May Report," D.E. 32), as to Banks's Motion for Final Default and his supplemental affidavit ("Supplement," D.E. 29), filed on May 14, 2009. Banks's Motion for Final Default was referred to the Magistrate Judge for a Supplemental Report in light of the recently-filed affidavit. (See D.E. 30.) In the May Report, the Magistrate Judge recommends that "[b]ecause the plaintiff has submitted none of the proof he was directed to submit, and because this case remains pending against another defendant, the Undersigned finds that the Court should decline, at this time, to conduct a hearing," and therefore the Court should deny without prejudice the Motion for Final Default. (May Report at 4-5.) On June 3, 2009, Banks filed objections to the May Report ("May Report Objections," D.E. 38), wherein Banks requests the Court hold a hearing or appoint a expert medical examiner to determine his injuries.

Based on a review of the Preliminary Report, the April Report, the May Report, the Motion for Final Default Judgment, the Motion for Extension of Time to File Amended Complaint, the related pleadings, and the record, it is hereby **ORDERED AND ADJUDGED** that:

---

failure to provide discovery. (See D.E. 51.) As of the date of this Order, Banks has not filed a proposed amended complaint.

1. Consistent with this Order, the Preliminary Report and Recommendation of Magistrate Judge Patrick A. White (D.E. 7), issued on February 18, 2009, is **ADOPTED**.  Banks fails to offer additional facts sufficient to support his claims against Defendant Ballesteros or the Doe defendants.  In addition, since the Preliminary Report was issued, the Parties have engaged in discovery and Banks has had the opportunity to amend his complaint but has failed to do so.  As such, Plaintiff's Eighth Amendment claims against Defendants Vasseller and Balmair shall proceed against them in their individual capacities and the remaining defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted;

2. Consistent with this Order, the Magistrate Judge's April 23, 2009, Report and Recommendation (D.E. 24) is **ADOPTED** to the extent the issues addressed are no longer moot;

3. Plaintiff's Motion for Extension of Time to File Amended Complaint (D.E. 23), filed on April 17, 2009, is **DENIED AS MOOT**, as Plaintiff was subsequently given until August 21, 2009, to file a proposed amended complaint but as of the date of this Order has failed to do so;

4. Consistent with this Order, the Magistrate Judge's May 26, 2009, Report and Recommendation (D.E. 32) is **ADOPTED**;

5. As Plaintiff has failed to submit the required proof as to damages and this case

remains pending against another defendant, Plaintiff's Motion for Final Default Judgment (D.E. 20), filed on April 10, 2009, along with Plaintiff's Supplement (D.E. 29), filed on May 14, 2009, is **DENIED WITHOUT PREJUDICE** with leave to re-file when appropriate.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of December, 2009.

                                             *Joan A. Lenard*
                                             **JOAN A. LENARD**
                                             **UNITED STATES DISTRICT JUDGE**