IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:09-CV-20203-JAL

EDDIE LEE BANKS,

    Plaintiff,

vs.

NURSE VASSELLER, in her individual
and official capacity, and DR. BALMAIR,
Chief of Physicians of Everglades
Correctional Institution in his
individual and official capacity,

    Defendants.
_____/

## DEFENDANT CARL BALMIR, M.D.'S PRE-TRIAL STATEMENT

COME NOW Defendant, CARL BALMIR, M.D. (hereinafter, "Defendant"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and an Order of this Honorable Court, respectfully submits his Pre-Trial Statement as follows:

    (a)    **Brief general statement of the case:**

Plaintiff, EDDIE LEE BANKS (hereinafter, "Plaintiff"), is an inmate in the custody of the Florida Department of Corrections (hereinafter, "FDOC"), whom has brought this suit against Dr. Balmir, the Chief Health Officer at Everglades Correctional Institution.

Plaintiff alleges that Defendant subjected him to cruel and unusual punishment in violation of the United States Constitution, pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that Defendant acted with deliberate indifference to his need for medical

care. Additionally, Plaintiff is requesting compensatory and punitive damages and is suing Defendant in his individual capacity.

**(b)  A written narrative statement of the facts that will be offered by oral or documentary evidence at trial:**

Dr. Balmir will testify as follows:  (1)  that as a medical doctor, his primary concern is to protect and promote the health of patients and the public, while practicing within the applicable standard of care; (2) that, at all times relevant to Plaintiff, Dr. Balmir was acting in accordance with his discretionary authority as a medical doctor; (3) that every request for medical care and treatment received from Plaintiff was carefully reviewed, and, in Dr. Balmir's medical judgment and opinion, the appropriate decisions were made based on the facts and circumstances; (4) that Dr. Balmir was never deliberately indifferent to Plaintiff's medical needs; (5) that the appropriate recommended medical action was taken; and (6) that Plaintiff was consistently seen, evaluated, and treated by the Health Services Department at Everglades Correctional Institution.  Additionally, Dr. Balmir will testify that he did not violate Plaintiff's Constitutional rights at any time, and, that at no time, was Plaintiff subjected to cruel and unusual punishment.

**(c)  A list of all exhibits to be offered into evidence at the trial of the case:**

1. Plaintiff's entire medical file.

2. Plaintiff's entire Inmate file.

3. The job description for the Chief Health Officer at Everglades Correctional Institution.

4. All policies, rules, and regulations regarding the Health Services Department.

5. Any and all grievances written by Plaintiff to the Health Services Department, which pertain to this claim.

6. The contract between MHM Solutions, Inc. and the Florida Department of Corrections.

7. Impeachment exhibits.

8. Demonstrative and illustrative aids.

9. Rebuttal Exhibits.

10. Defendant hereby reserves his right to amend and/or supplement this exhibit list.

**(d)   A list of the full names and addresses and places of employment for all the non-inmate witnesses that Defendants intend to call:**

1. Gisela Pichardo
   Warden
   Everglades Correctional Institution
   1601 S.W. 187th Avenue
   Miami, Florida 33185

2. Nancy Finisse
   Senior Health Service Administrator
   Everglades Correctional Institution
   1601 S.W. 187th Avenue
   Miami, Florida 33185

3. David Reddick, M.D.
   Region IV Medical Executive
   Director South Florida
   Reception Center
   14000 N.W. 41st Street
   Doral, Florida 33178

4. Records Custodian of
   Inmate Files Florida
   Department of Corrections
   P. O. Box 297410
   Pembroke Pines, Florida 33029-7410

5. Records Custodian of
Medical Files Florida
Department of Corrections
P. O. Box 297410
Pembroke Pines, Florida 33029-7410

6. Any and all expert(s) retained by the Defendant, if applicable.

7. Impeachment and/or rebuttal witnesses.

8. All persons identified in the Deposition(s), Interrogatories, and Pleadings in the case.

9. All hospital and medical records custodians where the Plaintiff has been treated in connection with the alleged injuries that are the subject of these proceedings.

10. Defendants hereby reserves his right to amend and/or supplement this witness list, including additional witnesses, whether expert or lay.

**(e) A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Defendants intend to call:**

Not Applicable

**(f) A summary of the anticipated testimony of each witnesses named in (d) and (e):**

1. Warden Gisela Pichardo will testify as follows: (a) that as a Warden, she is responsible for the incarceration, protection of society, and control of the offenders assigned to Everglades Correctional Institution; (b) that she is also responsible for the proper operation of the institution; (c) that all medical grievances sent to the Warden's office are answered by the medical personnel and reviewed by her; (d) that Plaintiff's rights were not violated at any time during his stay at Everglades Correctional

Institution; and (e) that Plaintiff was provided with the medically necessary care during his stay at Everglades Correctional Institution.

2. Nancy Finisse will testify as follows: (a) that she is the Senior Health Service Administrator for the Department of Corrections at Everglades Correctional Institution; (b) that as the Senior Health Service Administrator, her position includes ensuring that inmate requests, informal grievances, and formal grievances are answered on behalf of the Health Services Department at Everglades Correctional Institution, in accordance with the Florida Department of Corrections Health Services Department's rules and procedures; (c) that all grievances received by the Health Services Department from Plaintiff were answered and returned to Plaintiff.

3. David Reddick, M.D. will testify as to: (a) the nature of the relationship between the Florida Department of Corrections and MHM Solutions, Inc. at Everglades Correctional Institution; (b) the rules, policies and procedures for inmates requesting medical services while incarcerated; (c) the process by which inmates are sent out for a consultation; (d) the decision making process as it pertains to the treatment of inmates; (e) Plaintiff's medical file and the treatment received.

Records Custodians- Will authenticate

Case No. 1:09-cv-20203-JAL

Respectfully submitted,

/s/   Tullio E. Iacono
Tullio E. Iacono
Florida Bar No. 132616
tullio.iacono@csklegal.com
Cole Scott & Kissane, P.A.
Dadeland Centre II
9150 South Dadeland Blvd., 14th Floor
Miami, Florida 33156
Telephone: 305-350-5300
Facsimile: 305-373-2294
Attorneys for Defendant
Carl Balmir, M.D.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and accurate copy of the foregoing was served via U.S. Mail this _____ day of _____, 2010, to: **Mr. Eddie Lee Banks, DC #A210551**, Everglades Correctional Institution, P.O. Box 949000, Miami, FL  33194-9000, Plaintiff Pro Se.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant,
Dr. Carl Balmir
Dadeland Centre II – 14th Floor
9150 South Dadeland Blvd.
P.O. Box 569015
Miami, FL 33156
E-Mail: tullio.iacono@csklegal.com
Telephone: (305) 350-5320
Facsimile: (305) 373-2294

By:_____
        TULLIO E. IACONO
        FBN: 132616

L:\1440-0099-00\P\Pre-Trial Statement.doc