```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-20203-CIV-LENARD
                                    MAGISTRATE JUDGE P.A. WHITE

EDDIE LEE BANKS,                    :

        Plaintiff,                  :

v.                                  :    REPORT ON MOTION
                                            TO REOPEN CASE
                                         AND FOR INJUNCTIVE RELIEF

SFRC MEDICAL DEPT. OFFICIALS,       :
et al.,

        Defendants.                 :
_____
```

The plaintiff, Eddie Lee Banks, currently incarcerated at the Everglades Correctional Institution ("ECI"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 raising claims arising at ECI and at the South Florida Reception Center ("SFRC"). (DE #1). The plaintiff named as defendants SFRC Nurse Vasseller and ECI Chief Physician Dr. Balmir. (DE# 1).

A Preliminary Report recommended that the Eighth Amendment claim against Nurse Vasseller and Dr. Balmir proceed against them in their individual capacity. (DE# 7). The District Court subsequently adopted this recommendation. (DE# 68). Plaintiff Banks filed a motion for summary judgement (DE# 85) and Balmir filed a response. (DE# 89). Balmir also filed a motion for summary judgment wherein he argued that Banks failed to present sufficient evidence in support of the deliberate indifference claim and that Balmir is entitled to qualified immunity. (DE# 88). The Undersigned issued a report recommending that defendant Balmir's motion for summary judgment (DE# 88) be granted and Balmir dismissed from the proceedings and that Banks's motion for summary

judgment (DE# 85) be denied. (DE# 101). The District Court issued an order adopting the report. (DE# 104). As a result, Balmir was terminated from these proceedings. (DE# 105).

Banks subsequently filed a 11/8/10 motion to reopen the case and for injunctive relief. (DE# 112). The District Court issued an order referring this motion to the Undersigned. (DE# 113).

In his 11/8/10 motion, Banks asserts that his motion for summary judgment (DE# 85) "needs to be reinstated" and ruled on again. (DE# 112, p. 3). He further requests a retraction of the District Court's order adopting the report recommending Banks's motion for summary judgment be denied. In the report recommending a denial of Bank's summary judgment motion, Banks was informed, "Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report." (DE# 101). Banks did not file objections to the report. Accordingly, the District Court adopted the recommendation and dismissed Balmir from the case. Banks cannot now complain that his motion for summary judgment should have been granted. The proper time to raise this argument was in objections to the report recommending the motion be denied.

Banks also requests an injunction and/or restraining order be entered against Balmir to prevent Balmir from withholding necessary medical treatment. This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a

preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

Banks fails to allege facts which would warrant injunctive relief.  There is no likelihood that Banks will prevail on the merits as Balmir has been dismissed from these proceedings.  Banks does not allege facts to suggest that there is a substantial threat of irreparable injury.  Furthermore, in the report recommending that the District Court grant Balmir's motion for summary judgment, the Undersigned concluded that Banks failed to present sufficient evidence to establish Balmir's conscious or callous indifference to his serious medical needs. In reaching this conclusion, the report provided a detailed account of the dealings between Balmir and Banks, based on Banks's deposition testimony, Balmir's affidavit, and grievances filed by Banks.  The District Court adopted the report in full.

It is therefore recommended that Bank's motion (DE# 112) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 17th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Eddie Lee Banks, Pro Se
DC No. A210551
Everglades Correctional Institution
P. O. Box 949000
Miami, FL 33194-9000

Tullio Emil Iacono
Cole Scott & Kissane, PA
Dadeland Centre II
9150 South Dadeland Bld
14th Floor
Miami, FL 33156