```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-20203-CIV-LENARD
                                    MAGISTRATE JUDGE P.A. WHITE


EDDIE LEE BANKS,                    :

        Plaintiff,                  :

v.                                  :     REPORT OF
                                          MAGISTRATE JUDGE
SFRC MEDICAL DEPT. OFFICIALS,       :
et al.,

        Defendants.                 :
_____
```

I.  Introduction

The plaintiff, Eddie Lee Banks, currently incarcerated at the Columbia Correctional Institution in Lake City Florida, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 raising claims arising at ECI and at the South Florida Reception Center ("SFRC"). (DE #1).  The plaintiff named as defendants SFRC Nurse Vasseller and ECI Chief Physician Dr. Balmir.  (DE# 1).

II.  Factual Background

Banks alleged in the complaint that he arrived at SFRC on November 15, 2007 in great pain, and a nurse told him he had a hernia and gave him pain medication. The next day the plaintiff presented to Nurse Vasseller, and she determined that his problem was not serious enough to be referred to a doctor.  On November 17, 2007, the plaintiff declared a medical emergency and was given pain medication. On November 19, 2007 the plaintiff went to sick call seeking treatment for pain, but Nurse Vasseller refused to see him. Officers intervened and asked Nurse Vasseller to see him, and she made him wait nine hours to be seen before being sent back to his

dorm in pain without medical care. On November 20, 2007 Nurse Vasseller refused to put the plaintiff on the sick call list, so he declared a medical emergency. An officer pleaded with the medical department to provide care for the plaintiff but they refused. When Nurse Vasseller was forced to examine him, and because she was upset, she purposely caused him pain by pushing his swollen testicles upward toward his stomach, breaking a needle in his arm, and throwing his arm against his chest while taking his blood pressure. The plaintiff then saw a doctor who prescribed pain medication and a scrotal support and determined that the plaintiff needed surgery. The plaintiff alleged that Nurse Vasseller had knowledge that he was in chronic pain and suffering but refused to provide proper medical care. (DE# 1). The plaintiff further alleged that at ECI in July of 2008, a CT scan revealed that the plaintiff needed surgery to repair the hernia, but Dr. Balmir has repeatedly refused to arrange for the surgery. He claimed that he is still chronic pain and that he frequently urinates blood. He sought monetary damages and equitable relief. (DE# 1).

A Preliminary Report recommended that the Eighth Amendment claim against Nurse Vasseller and Dr. Balmir proceed against them in their individual capacities. (DE# 7). The District Court subsequently adopted this recommendation. (DE# 68).

The facts alleged in the complaint were developed during the discovery phase. The following facts are derived from Banks's deposition (DE# 88-2) and the grievances attached to his complaint (DE# 1, p. 25-57). Banks testified at his deposition that he developed a hernia on 11/15/07 when he was being transported in a bus by prison officials. (DE# 88-2, p. 9-10). He stated that a doctor at SFRC diagnosed the hernia. (DE# 88-2, p. 11-13). Banks conceded that he does not have copies of his medical records which

allegedly support his testimony.[1] (DE# 88-2, p. 11-13). SFRC officials sent him to outside physicians who also diagnosed his hernia. (DE# 88-2, p. 14-15). While at SFRC, he was referred to Nurse Vasseller who refused to treat his hernia. (DE# p. 11-12). Banks filed an 11/19/07 Inmate Request at SFRC wherein he explained Nurse Vasseller's actions. (DE# 1, p. 25-26). The SFRC official's 11/21/07 response stated, "You were seen at the medical clinic. The doctor examined you and prescribed medication. Lab work was ordered. You were found to have a right inguinal hernia which is chronic pre-existing condition which will be addressed at your permanent camp." (DE# 1, p. 25-26).

After spending two weeks at SFRC, Banks was transferred to ECI. (DE# 88-2, p. 16). He filed a 1/18/08 Request for Administrative Remedy or Appeal wherein he alleged that Dr. Balmir denied him medical care. (DE# 1, p. 32-33). Specifically, Balmir examined Banks and stated that Banks's medical records did not indicate that Banks had a hernia, therefore, Balmir refused to accept Banks's claim that he had a hernia. (DE# 1, p. 32-33). In addition, Balmir refused to prescribe pain medication or refer Banks to a specialist to discuss surgery. (DE# 1, p. 32-33). In a 2/6/08 Response, Balmir approved the request and stated, "on 1/24/08 you were seen by medical regarding a follow up on the hernia. At this time you admitted seeing blood in your urine, but denied any pain from the hernia. Medical generated a urology referral. In addition, medical has re-evaluated your chart and has determined that a general surgeon evaluation for a hernia repair

---

[1] Banks stated in his response to Balmir's motion for summary judgment that this Court should deny Balmir's motion based on "factual information in [Banks's] medical record, which the court should have a copy of." (DE# 97). However, the record reflects that neither party has submitted copies of any medical records.

was justified. This referral has been submitted for approval to the utilization management department." (DE# 1, p. 33).

Banks filed 2/18/08 Inmate Request complaining that he had not yet had a general surgeon evaluation. (DE# 1, p. 38). Dr. Simo (Chief Health Officer at ECI) approved Banks's request in a 2/20/08 response wherein she explained that Banks was scheduled to see a surgeon on 2/21/08 and that a request for a CT scan had been submitted. (DE# 1, p. 38). Banks filed a 2/29/08 Request for Administrative Remedy or Appeal wherein he complained about his pain and stated that he needed surgery. (DE# 1, p. 39). In a 3/10/08 Response, Nancy Finisse (Senior Health Service Administrator at ECI) approved Banks's request and stated, "In order for you to have the surgery, the surgeon recommended a CT scan prior to surgery. You have an upcoming appointment for the CT Scan. Once the CT Scan is done we can proceed with the surgery." (DE# 1, p. 40). Banks filed a 4/7/08 Request for Administrative Remedy or Appeal wherein he stated that he was still waiting for the CT scan. (DE# 1, p. 41). Dr. Simo's 4/29/08 Response approved the request and explained, "Record review indicated you are in the process of having a pelvic CT scan done. The labs were already done on 4/11/08. Once the CT scan is conducted then the surgery will take place." (DE# 1, p. 43).

On 7/18/08, Banks filed another Request for Administrative Remedy or Appeal wherein he stated that on 7/3/08 Dr. Balmir refused to arrange for the surgery as Balmir believed it could kill Banks because Banks was HIV positive. Banks claimed that the outside surgeon told him that he would die if he did not have the surgery. (DE# 1, p. 47). In a 7/18/08 Response, Balmir denied Banks's request and added, "Record review indicates on 6/12/08 you were seen by the surgeon. Then you were schedule[d] for an

4

abdominal CT scan and the results were negative. On 7/3/08 you were seen by the doctor where you were fully educated. You were also informed that your report did not reveal any herniation [and] you will be reexamined every 3 months. You were instructed to declare an emergency if you discover any lump or mass in that area." (DE# 1, p. 52).

During his deposition, Banks explained that Dr. Ortiz at the ECI began to treat Banks instead of Dr. Balmir. (DE# 88-2, p. 29). Ortiz gave Banks Ibuprofen for the pain and gave him a shot which caused the swelling to decrease. (DE# 88-2, p. 26, 29). Banks continues to experience pain from his hernia. (DE# 88-2, p. 27). Ortiz has not expressed an opinion regarding surgery and there are no plans for Banks to undergo surgery. (DE# 88-2, p. 29).

### III. Relevant Procedural History

Shortly after the Preliminary Report recommending that the case proceed against Nurse Vasseller and Dr. Balmir, personal service was accomplished upon defendant Vasseller at her place of work, the South Florida Reception Center, and the United States Marshal filed an executed return of service.[2] (DE# 10). Defendant Vasseller did not respond to the complaint by responding pro se or with assistance of counsel, and has not appeared at any point in these proceedings. Plaintiff Banks filed a motion for default judgment against Vasseller (DE# 17). This court issued a notice to plaintiff regarding motion for default when no response has been filed to complaint, wherein it concluded that a Clerk's entry of default against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(a) was

---

[2] The executed Process Receipt and Return filed by the Marshal for Vasseller bore the address: South Florida Reception Center, 14000 N.W. 41st street, Doral, Florida, 33178. (DE# 10).

appropriate as she failed to respond within 20 days of service of the summons and complaint, as required by Fed.R.Civ.P. 12(a). The notice further explained that the plaintiff must move for entry of a final default judgment by District Court Judge Lenard, and specifically state the relief sought, if money damages, the plaintiff was to demonstrate the amount of damages. (DE# 18). Banks received a simple Clerk's entry of a default against the defendant pursuant to Fed.R.Civ.P. 55(a) (DE# 19).

Banks filed a motion for final default judgment pursuant to Fed.R.Civ.P. 55(b)(2) wherein he explained the specific relief sought. In this sworn motion, Banks stated that he was permanently injured as a result of Vasseller's treatment, specifically, Vasseller pushed his swollen testicles upward toward his stomach, broke a needle in his arm, and threw his arm against his chest while taking his blood pressure. He claimed he can no longer walk straight and suffered from severe pain in his arm. Inlight of the foregoing, he requested compensatory damages in the amount of $500,000; punitive damages, as Vasseller's actions were malicious because she felt that she was forced to treat him against her will, in the amount of $500,000; nominal damages in the amount of $100,000, because his constitutional rights were violated; as well as court costs and filing fees. (DE# 20).

District Court Judge Lenard issued an order referring the motion for final default judgment to the Undersigned. (DE# 21). The Undersigned issued a Report noting that a final entry of default judgment, and possible damages, may only be entered by the United States District Judge. (DE# 24). The Report also advised the plaintiff that the entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the

amount of monetary damages requested in the complaint.[3] The Undersigned deferred the matter to the Honorable Joan A. Lenard, and instructed the plaintiff to submit proof of damages by supporting his motion with a sworn affidavit based on his personal knowledge of the injuries sustained as a result of the inadequate medical treatment that he received at the hands of the defendant, and by submitting proof of his damages by supporting his motion with copies of any and all medical records, photographs, etc. that were within his custody and/or control that pertain to the subject incident. The plaintiff was warned that if he failed to properly support his Motion for Entry of Default Judgment against Nurse Vasseller pursuant to Fla.R.Civ.P. 55(b)(2) the motion may be dismissed.

Banks next filed a sworn affidavit in support of his request for final default judgment. (DE# 29). Banks asserted that he walks with a limp and uses a cane and that he does not have adequate use of his arm. He claimed that these permanent injuries could be ascertained from his medical records, which he did not attach. (DE# 29, ¶3, 4). Banks attached affidavits executed by other inmates attesting to Vasseller's denial of medical care in his case, and submitted proof of expenses incurred for photocopying and postage. (DE# 29).

The District Court deferred Banks's motion for final default judgment to the Undersigned for a supplemental report based on the

---

[3] Under Florida law, which is applicable to this issue in this federal lawsuit, a defendant still has the right to contest the unliquidated damages caused by his wrong, but no other issue, after a default is entered against him or her. Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981), citing Watson v. Seat & Crawford, 8 Fla. 446 (1859); Pony Express Courier Corp. of Florida v. Zimmer, 475 So.2d 1316 (Fla. 2 DCA 1985). The damages the plaintiff seeks in this lawsuit are unliquidated. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983)(damages are unliquidated if they cannot be ascertained without presentation of facts upon which a value judgment may be made).

sworn affidavit. (DE# 30). In a May 26, 2009 report (DE# 32), the Undersigned stated:

> [Banks] has not, however, submitted any proof of damages with regard to compensation for his injuries.
>
> When, as here, the plaintiff's claim is not for a sum certain, Rule 55 authorizes the court to conduct a hearing to determine the amount of damages. Fed.R.Civ.P. 55(b)(2). Such a hearing is discretionary, not mandatory. Alternatively, the court may rely upon detailed affidavits, documentary evidence, and its personal knowledge of the record to award damages. See James v. Frame, 6 F.3d 307 (5 Cir. 1993). Therefore, although liability may be established without proof based upon the well-pleaded allegations of the complaint, the plaintiff has the burden of proving the amount of damages to be awarded.
>
> Because the plaintiff has submitted none of the proof he was directed to submit, and because this case remains pending against another defendant, the Undersigned finds that the Court should decline, at this time, to conduct a hearing. To proceed with a motion for default judgment, the plaintiff must adduce competent summary judgment evidence to support an award for compensatory and/or punitive damages.[4] The plaintiff must present medical evidence (e.g. from an examining physician) that links the alleged permanent injuries to the denial of adequate medical care by the defendant in default. If the plaintiff fails to submit such evidence, the court may be constrained to award only nominal damages.

(DE# 32, p. 4-5). The report recommended that the Motion for Final Default Judgment (DE# 20) as supplemented (DE# 29) be denied

---

[4] With regard to plaintiff's claim for punitive damages, the Undersigned observes that such an award may issue under §1983 "only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." See Sockwell v. Phelps, 20 F.3d 187, 192 (5 Cir. 1994). Even if the evidence justifies an award of punitive damages, it remains within the trier of fact's discretion to make such an award.

without prejudice.  Judge Lenard adopted this recommendation in a 12/02/09 omnibus order. (DE# 68, p. 4-5).

Shortly thereafter, the Undersigned issued a report recommending that the motion for summary judgment filed by Vasseller's co-defendant, Carl Balmir, be granted and Balmir be dismissed from the case.  (DE# 101).  The District Court subsequently adopted this report.  (DE# 104).

Banks filed two more sworn affidavits in support of his motion for final default judgment (DE# 103, 107), however, both affidavits reiterated the information contained in his original sworn affidavit (DE# 29).  Banks also filed a motion to enforce judgment (DE# 109), and a motion for executed final process of money damages (DE# 114), wherein Banks essentially repeated his request for a final default judgment against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(b)(2).  The District Court issued an order referring to the Undersigned Banks's motion for default judgment, for purposes of an evidentiary hearing (DE# 108); Banks's motion to enforce judgment (DE# 111); and Banks's motion for executed final process of money damages (DE# 116).

The Undersigned issued an order scheduling an evidentiary hearing on February 24, 2011 for the purpose of determining what relief may be appropriate in this case pursuant to Fed.R.Civ.P. 55(b). (DE# 132).  A writ was issued to secure Banks's presence at the hearing. (DE# 133).  Nurse Vasseller was mailed and faxed a copy of the order.

### February 24, 2011 Hearing

Defendant Vasseller did not attend the hearing.  Banks appeared at the hearing and testified to the following.  In

November 2007, he was experiencing pain for several days and was examined by medical personnel at SFRC, who directed him to be examined by Nurse Vasseller. Vasseller did not want to examine him, when she finally consented, she acted unprofessionally. She rejected his claim that he had a hernia, and grudgingly examined him. In so doing, she forcefully pushed his testicles up toward his stomach, causing him extreme pain. Following the examination, he had trouble walking and had to use a cane and there was blood in his urine for several weeks. Banks conceded that he did not have permanent injuries as a result of Vasseller's conduct.

## IV.  Analysis

The precise issue before this Court is whether the entry of a final default judgment against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(b)(2) is appropriate.

Federal Rule of Civil Procedure 55 provides in pertinent part:

(b) Entering a Default Judgment.

. . .

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

In Bank's case, the hearing was set to determine damages for purposes of making a recommendation regarding the entry of a final default judgment. See Fed.R.Civ.P. 55(b)(2)(B).

An entry of default is not the same as a default judgment. Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir.1985). To obtain a default judgment, a party generally must file a motion, which the Court has discretion to grant or deny. F.R.Civ.P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment."); Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir.1985) ("The entry of a default judgment is committed to the discretion of the district court ..."). Factoring into the Court's decision is whether the Complaint provides a sufficient basis for liability against the defaulting defendants. See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("There must be a sufficient basis in the pleadings for the judgment entered."). A default judgment is a harsh remedy that is disfavored by courts. Accordingly, there is a preference that liability be decided on the merits. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985). See also Loos v. Club Paris, LLC, 684 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010) ("A defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F.Supp.2d 1204, 1206 (M.D.Ala.2005). To enter a judgment, there must be sufficient basis in the pleadings to support the relief sought. Id. 'The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.' Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)."); Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L., 922 F.Supp. 1534, 1536-37 (S.D. Fla. 1996) ("It is the general rule

that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible. However, the entry of a default judgment is committed to the discretion of the district court. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir.1985), cert. denied, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). In determining whether a default judgment is appropriate, a court may consider several factors including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986) (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 24-26).")).

In the instant case, pursuant to Fed.R.Civ.P. 55(a), the Court Clerk properly entered default against Defendant Vasseller. Pursuant to Fed.R.Civ.P. 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. Upon entry of default, the well-pleaded factual allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5 Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true") (citing Thompson v. Wooster, 114 U.S. 104, 113 (1885)).

Plaintiff has adequately pled his constitutional claim of deliberate indifference to his serious medical needs against

Defendant Vasseller.[5] Plaintiff Banks provided sworn testimony in his affidavits supporting the motion for default, and during the evidentiary hearing before the Undersigned on February 24, 2011. His testimony that he experienced extreme pain during Nurse Vasseller's examination and ongoing pain for several weeks after the examine, together with his testimony that he walked with a cane and was urinating blood, is sufficient to prove he is entitled to some amount of damages. No appearance of counsel or responsive pleading to the motion for default and/or motion for default judgment, as supplemented, was filed for or on behalf of the defendant.

---

[5] A claim of inadequate medical care under the Eighth Amendment requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs or the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97 (1976). See also Campbell v. Sikes, 169 F.3d 1353, 1362-63 (11 Cir. 1999). The standard is met only where egregious conduct is present, as in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989); Rogers v. Evans, 792 F.2d 1052, 1058-59 (11 Cir. 1986). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb County Reg'l Detention Center, 40 F.3d 1176, 1187 (11 Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002). It is noted that "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999)(citation omitted). For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986)(citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)). "Delayed treatment for injuries that are of a lesser degree ... may also give rise to constitutional claims." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255. If plaintiff is confined at the Miami-Dade County Jail as a pretrial detainee, his inadequate medical care claim arises under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

Where, as here, the liability of the defendant is well-pleaded in the complaint, such liability of the defaulting defendant is therefore established by the entry of default against him. By her default, Vasseller has admitted the factual allegations establishing the inadequate medical care claim and her liability. Accordingly, it is recommended that Banks's motion for final default judgment (DE# 20) be granted and that a default judgment be entered against defendant Vasseller on the issue of liability based upon her failure to respond to the complaint. It is further recommended that this matter be placed on the calendar of the Honorable Joan Lenard, United States District Judge, for a determination of what relief Plaintiff Banks may be entitled pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. However, the Undersigned is prepared to make a recommendation as to damages, based on Banks's testimony at the February 24, 2011 hearing, following the entry on the record of a final default judgment against defendant Vasseller by the District Court.

In the other pending motions filed by Banks, he reiterates his request for a final default judgment against defendant Vasseller. Because the Undersigned recommends his original motion for final default judgment (DE# 20) be granted, it is appropriate to deny the other motions as moot.

### V. Recommendation

It is therefore recommended that:

1. Banks's motion for final default judgment (DE# 20) be granted .

2. Banks's motion to enforce judgment (DE# 109) be denied as moot.

      3.    Banks's motion for executed final process of money damages against defendant Vasseller (DE# 114) be denied as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 25th day of February 2011.

                                                UNITED STATES MAGISTRATE JUDGE

cc:   Eddie Lee Banks, <u>Pro Se</u>
      DC No. A210551
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000

      Nurse Vasseller
      South Florida Reception Center
      14000 N.W. 41st Street
      Doral, Florida 33178-3003