UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20203-CIV-LENARD
MAGISTRATE JUDGE P.A. WHITE

EDDIE LEE BANKS,            :

    Plaintiff,          :

v.                          :         REPORT OF
                                      MAGISTRATE JUDGE
SFRC MEDICAL DEPT. OFFICIALS, :       RE: DE#144, 145, 149
et al.,

    Defendants.         :
_____

## I. Introduction

The plaintiff, Eddie Lee Banks, currently incarcerated at the Columbia Correctional Institution in Lake City Florida, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 raising claims arising at ECI and at the South Florida Reception Center ("SFRC"). (DE #1). The plaintiff named as defendants SFRC Nurse Vasseller and ECI Chief Physician Dr. Balmir. (DE# 1). A Preliminary Report recommended that the Eighth Amendment claim against Nurse Vasseller and Dr. Balmir proceed against them in their individual capacities. (DE# 7). The District Court subsequently adopted this recommendation. (DE# 68). A detailed recitation of the facts contained in the complaint and the facts developed during the discovery phase can be found in the Report of Magistrate Judge entered on February 25, 2011 (hereinafter, 2/25/11 Report). (DE# 135).

Shortly after the Preliminary Report recommending that the case proceed against Nurse Vasseller and Dr. Balmir, personal service was accomplished upon defendant Vasseller at her place of work, the South Florida Reception Center, and the United States

Marshal filed an executed return of service.[1] (DE# 10). Defendant Vasseller did not respond to the complaint by responding pro se or with assistance of counsel, and has not appeared at any point in these proceedings. Plaintiff Banks filed a motion for default judgment against Vasseller (DE# 17). This court issued a notice to plaintiff regarding motion for default when no response has been filed to complaint, wherein it concluded that a Clerk's entry of default against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(a) was appropriate as she failed to respond within 20 days of service of the summons and complaint, as required by Fed.R.Civ.P. 12(a). The notice further explained that the plaintiff must move for entry of a final default judgment by District Court Judge Lenard, and specifically state the relief sought, if money damages, the plaintiff was to demonstrate the amount of damages. (DE# 18). Banks received a simple Clerk's entry of a default against the defendant pursuant to Fed.R.Civ.P. 55(a) (DE# 19).

Banks filed a motion for final default judgment pursuant to Fed.R.Civ.P. 55(b)(2) wherein he explained the specific relief sought. In this sworn motion, Banks stated that he was permanently injured as a result of Vasseller's treatment, specifically, Vasseller pushed his swollen testicles upward toward his stomach, broke a needle in his arm, and threw his arm against his chest while taking his blood pressure. He claimed he can no longer walk straight and suffered from severe pain in his arm. In light of the foregoing, he requested compensatory damages in the amount of $500,000; punitive damages, as Vasseller's actions were malicious because she felt that she was forced to treat him against her will, in the amount of $500,000; nominal damages in the amount of

---

[1] The executed Process Receipt and Return filed by the Marshal for Vasseller bore the address: South Florida Reception Center, 14000 N.W. 41st street, Doral, Florida, 33178. (DE# 10).

$100,000, because his constitutional rights were violated; as well as court costs and filing fees. (DE# 20).

District Court Judge Lenard issued an order referring the motion for final default judgment to the Undersigned. (DE# 21). The Undersigned issued a Report noting that a final entry of default judgment, and possible damages, may only be entered by the United States District Judge. (DE# 24). The Report also advised the plaintiff that the entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the complaint.[2] The Undersigned deferred the matter to the Honorable Joan A. Lenard, and instructed the plaintiff to submit proof of damages by supporting his motion with a sworn affidavit based on his personal knowledge of the injuries sustained as a result of the inadequate medical treatment that he received at the hands of the defendant, and by submitting proof of his damages by supporting his motion with copies of any and all medical records, photographs, etc. that were within his custody and/or control that pertain to the subject incident. The plaintiff was warned that if he failed to properly support his Motion for Entry of Default Judgment against Nurse Vasseller pursuant to Fla.R.Civ.P. 55(b)(2) the motion may be dismissed.

Banks next filed a sworn affidavit in support of his request for final default judgment. (DE# 29). Banks asserted that he

---

[2] Under Florida law, which is applicable to this issue in this federal lawsuit, a defendant still has the right to contest the unliquidated damages caused by his wrong, but no other issue, after a default is entered against him or her. Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981), citing Watson v. Seat & Crawford, 8 Fla. 446 (1859); Pony Express Courier Corp. of Florida v. Zimmer, 475 So.2d 1316 (Fla. 2 DCA 1985). The damages the plaintiff seeks in this lawsuit are unliquidated. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983)(damages are unliquidated if they cannot be ascertained without presentation of facts upon which a value judgment may be made).

walks with a limp and uses a cane and that he does not have adequate use of his arm. He claimed that these permanent injuries could be ascertained from his medical records, which he did not attach. (DE# 29, ¶3, 4). Banks attached affidavits executed by other inmates attesting to Vasseller's denial of medical care in his case, and submitted proof of expenses incurred for photocopying and postage. (DE# 29).

The District Court deferred Banks's motion for final default judgment to the Undersigned for a supplemental report based on the sworn affidavit. (DE# 30). In a May 26, 2009 report (DE# 32), the Undersigned stated:

> [Banks] has not, however, submitted any proof of damages with regard to compensation for his injuries.
>
> When, as here, the plaintiff's claim is not for a sum certain, Rule 55 authorizes the court to conduct a hearing to determine the amount of damages. Fed.R.Civ.P. 55(b)(2). Such a hearing is discretionary, not mandatory. Alternatively, the court may rely upon detailed affidavits, documentary evidence, and its personal knowledge of the record to award damages. See James v. Frame, 6 F.3d 307 (5 Cir. 1993). Therefore, although liability may be established without proof based upon the well-pleaded allegations of the complaint, the plaintiff has the burden of proving the amount of damages to be awarded.
>
> Because the plaintiff has submitted none of the proof he was directed to submit, and because this case remains pending against another defendant, the Undersigned finds that the Court should decline, at this time, to conduct a hearing. To proceed with a motion for default judgment, the plaintiff must adduce competent summary judgment evidence to support an award for compensatory and/or punitive damages.[3] The plaintiff must present medical evidence (e.g. from an examining physician) that links the alleged permanent injuries to the denial of

---

[3] With regard to plaintiff's claim for punitive damages, the Undersigned observes that such an award may issue under §1983 "only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." See Sockwell v. Phelps, 20 F.3d 187, 192 (5 Cir. 1994). Even if the evidence justifies an award of punitive damages, it remains within the trier of fact's discretion to make such an award.

>adequate medical care by the defendant in default. If the plaintiff fails to submit such evidence, the court may be constrained to award only nominal damages.

(DE# 32, p. 4-5). The report recommended that the Motion for Final Default Judgment (DE# 20) as supplemented (DE# 29) be denied without prejudice. Judge Lenard adopted this recommendation in a 12/02/09 omnibus order. (DE# 68, p. 4-5).

Shortly thereafter, the Undersigned issued a report recommending that the motion for summary judgment filed by Vasseller's co-defendant, Carl Balmir, be granted and Balmir be dismissed from the case. (DE# 101). The District Court subsequently adopted this report. (DE# 104).

Banks filed two more sworn affidavits in support of his motion for final default judgment (DE# 103, 107), however, both affidavits reiterated the information contained in his original sworn affidavit (DE# 29). Banks also filed a motion to enforce judgment (DE# 109), and a motion for executed final process of money damages (DE# 114), wherein Banks essentially repeated his request for a final default judgment against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(b)(2). The District Court issued an order referring to the Undersigned Banks's motion for default judgment, for purposes of an evidentiary hearing (DE# 108); Banks's motion to enforce judgment (DE# 111); and Banks's motion for executed final process of money damages (DE# 116).

The Undersigned issued an order scheduling an evidentiary hearing on February 24, 2011 for the purpose of determining what relief may be appropriate in this case pursuant to Fed.R.Civ.P. 55(b). (DE# 132). A writ was issued to secure Banks's presence at

5

the hearing. (DE# 133). Nurse Vasseller was mailed and faxed a copy of the order.

## February 24, 2011 Hearing

During the evidentiary hearing, the Undersigned heard evidence on the issue of whether the entry of a final default judgment against Nurse Vasseller pursuant to Fed.R.Civ.P. 55(b)(2) was appropriate. Defendant Vasseller did not attend the hearing. Banks appeared at the hearing and testified to the following. In November 2007, he was experiencing pain for several days and was examined by medical personnel at SFRC, who directed him to be examined by Nurse Vasseller. Vasseller did not want to examine him, when she finally consented, she acted unprofessionally. She rejected his claim that he had a hernia, and grudgingly examined him. In so doing, she forcefully pushed his testicles up toward his stomach, causing him extreme pain. Following the examination, he had trouble walking and had to use a cane and there was blood in his urine for several weeks. Banks conceded that he did not have permanent injuries as a result of Vasseller's conduct.

In the 2/25/11 Report following the hearing, the Undersigned concluded the following:

> Plaintiff has adequately pled his constitutional claim of deliberate indifference to his serious medical needs against Defendant Vasseller.[4] Plaintiff Banks provided sworn

---

[4] A claim of inadequate medical care under the Eighth Amendment requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs or the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97 (1976). See also Campbell v. Sikes, 169 F.3d 1353, 1362-63 (11 Cir. 1999). The standard is met only where egregious conduct is present, as in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g.,

testimony in his affidavits supporting the motion for default, and during the evidentiary hearing before the Undersigned on February 24, 2011. His testimony that he experienced extreme pain during Nurse Vasseller's examination and ongoing pain for several weeks after the examine, together with his testimony that he walked with a cane and was urinating blood, is sufficient to prove he is entitled to some amount of damages. No appearance of counsel or responsive pleading to the motion for default and/or motion for default judgment, as supplemented, was filed for or on behalf of the defendant.

Where, as here, the liability of the defendant is well-pleaded in the complaint, such liability of the defaulting defendant is therefore established by the entry of default against him. By her default, Vasseller has admitted the factual allegations establishing the inadequate medical care claim and her liability. Accordingly, it is recommended that Banks's motion for final default judgment (DE# 20) be granted and that a default judgment be entered against defendant Vasseller on the issue of liability based upon her failure to respond to the complaint. It is further recommended that this matter be placed on the calendar of the Honorable Joan Lenard, United States District Judge, for a determination of what relief Plaintiff Banks may be entitled pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. However, the Undersigned is prepared to make a recommendation as to damages, based on Banks's testimony at the February 24, 2011 hearing, following the entry on the record of a final default judgment against defendant Vasseller by the District Court.

---

Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989); Rogers v. Evans, 792 F.2d 1052, 1058-59 (11 Cir. 1986). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb County Reg'l Detention Center, 40 F.3d 1176, 1187 (11 Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002). It is noted that "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999)(citation omitted). For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986)(citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)). "Delayed treatment for injuries that are of a lesser degree ... may also give rise to constitutional claims." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255. If plaintiff is confined at the Miami-Dade County Jail as a pretrial detainee, his inadequate medical care claim arises under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

(DE# 135, p. 12-14) (footnote omitted). The Undersigned recommended that Bank's motion for final default judgment against Vasseller be granted. (Id. at 14).

The District Court subsequently issued an order adopting the 2/25/11 Report and granting Bank's motion for final default judgment. (DE# 138). The Court also held, "This matter is referred to the Magistrate Judge for a supplemental report and recommendation as to the amount of damages that should be awarded as part of the final default judgment." (Id.).

The Undersigned next issued a report wherein the Undersigned made a determination on the appropriate amount of damages, based on the evidence previously introduced during the February 24, 2011 evidentiary hearing. (DE# 141). The report concluded:

> It is the considered opinion of the undersigned Magistrate Judge that, as <u>compensatory damages</u> for the plaintiff Bank's injuries and pain and suffering, due to the actions of Nurse Vasseller, an award in the range of **$4,000 to $7,000** would not be excessive, and it is recommended that the Court enter a Final Judgment including such an award.
>
> It is the opinion of the undersigned that this is a case in which the facts support granting an award of punitive damages. According to the facts contained in the record, which have not been disputed by Nurse Vasseller, she ignored Banks for many hours, notwithstanding his documented medical issues, namely, his hernia. When forced to conduct a medical examination, Vasseller roughly handled Banks's testicles, exacerbating his medical problem and subjecting him to a certain degree of humiliation. She also broke the needle of a syringe off while lodged in his arm. Her inappropriate actions stemmed from her unwarranted anger for having to carry out her duties as a nurse. Accordingly, an award of <u>punitive damages</u> in the amount of **$1,000 to $5,000** against defendant Vasseller is justified in this case.

8

> Banks's request for nominal damages is rejected as unwarranted because the Undersigned finds he is entitled to compensatory damages. Bank's has not shown that he is entitled to be compensated for "costs" as he has failed to provide details regarding the amount of costs or what activities the costs covered, e.g., court costs, photocopying, etc.

(DE# 141, p. 7-9).

The District Court next entered a Final Default Judgment Against Defendant Vasseller and Order Adopting Report and Recommendation of Magistrate Judge. (DE# 143). The District Court concluded:

> Final default judgment is entered in favor of Plaintiff Eddie Lee Banks against Defendant Nurse Michelle Vasseller, in the total amount of eight thousand five-hundred dollars and zero cents ($8,500.00), consisting of $5,500.00 in compensatory damages for Plaintiff's physical injuries, pain, and suffering, and consisting of $3,000 in punitive damages, for which sum let execution issue.

(DE# 143).

Subsequently, Banks filed a motion for costs under Fed.R.Civ.P. 54(d) wherein he sought an order directing Defendant Vasseller to reimburse him for his $350 filing fee. (DE# 144). At the outset of these proceedings, this court issued an order permitting Banks to proceed without prepayment of the filing fee, but establishing a $350 debt to the clerk. (DE# 4).

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are

limited to those costs specifically enumerated in 28 U.S.C. § 1920. The costs allowed in 28 U.S.C. §1920(1) include, "Fees of the clerk and marshal."  Accordingly, Banks is entitled to be reimbursed the $350 filing fee.  The Undersigned, therefore, recommends an order granting costs in the amount of $350 be entered.

Banks next filed a motion to enforce judgment, wherein he relied on Fed.R.Civ.P. 70.  (DE# 145).  Banks stated:

> District Court Judge Lenard in her order did not give defendant Vasseller a specific date to initiate payment, yet plaintiff contends that sixty days is an adequate time in which to begin payment.

(DE# 145).  Banks reliance on Rule 70 is misplaced.[5]  An order imposing the time limit suggested by Banks is not appropriate in this case.  In order to enforce the money judgment entered by Judge

---

[5] Rule 70 provides:
Enforcing a Judgment for a Specific Act;

(a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

(b) Vesting Title. If the real or personal property is within the district, the court--instead of ordering a conveyance--may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

(c) Obtaining a Writ of Attachment or Sequestration. On application by a party entitled to performance of an act, the clerk must issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

(d) Obtaining a Writ of Execution or Assistance. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

(e) Holding in Contempt. The court may also hold the disobedient party in contempt.

Lenard, he must follow the procedure contained in Rule 69, which provides:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed.R.Civ.P. 69(a)(1). As a result, the Undersigned recommends denying Banks's motion to enforce the judgement.

Banks filed a motion seeking a ruling on his motion for costs and motion to enforce judgement. (DE# 149). In light of the above recommendations, the Undersigned concludes that this motion should be denied as moot.

### III. Conclusion

It is therefore recommended:

(a) Banks motion for costs (DE# 144), in the form of the $350 filing fee, be GRANTED.

(b) Banks motion to enforce judgment (DE# 145) be DENIED.

(c) Banks motion (DE#149) for ruling on DE#144 and DE#145 be DENIED as MOOT.

(d) The case remain closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 9th day of January 9, 2012.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE


cc:   Eddie Lee Banks, Pro Se
      DC No. A210551
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000

      Nurse Vasseller
      South Florida Reception Center
      14000 N.W. 41st Street
      Doral, Florida 33178-3003